This is a child custody case in which there was termination of parental rights and an award of custody to the paternal grandparents. The only issue on appeal is whether there is sufficient evidence to support the order of the trial court in terminating the parental rights of the mother.
On August 19, 1981, Ellie Ruth Fitzgerald was born at Baptist Medical Center, Montgomery, Alabama, to Ashley (father) and Charly (mother) Fitzgerald. Two days thereafter an agent for the Montgomery County Department of Pensions and Security (DPS), at the request of hospital authorities, obtained from the circuit court an order preventing the parents from taking Ellie home because of their past history of mental illness and the lack of food, power, or running water in their home. On *Page 85 
August 25, 1981, DPS filed a petition requesting temporary legal custody of Ellie. Ashley Jeter, the paternal grandfather, filed a similar petition on October 13. The circuit court awarded temporary legal custody to DPS and temporary personal custody to Mr. Jeter. The court further ordered that DPS provide the parents with a case plan for regaining custody of Ellie. The submitted plan was executed by the parents and DPS and approved by the court. The plan outlined specific conditions to be met by the parents in order to obtain favorable consideration by the court for the return of the child.
On July 26, 1982, Ashley and Melba Jeter filed a petition in circuit court requesting permanent legal custody of Ellie. The whereabouts of Ashley and Charly Fitzgerald were unknown at that time, and service was made by publication. A hearing on the petition was held on October 6, 1982. The parents failed to appear, although they were represented by appointed legal counsel. At the conclusion of the hearing the court awarded permanent custody of Ellie Ruth Fitzgerald to Ashley and Melba Jeter and terminated the parental rights of Ashley and Charly Fitzgerald. On October 20, Charly Fitzgerald contacted her legal counsel and a written notice of appeal was filed on her behalf. On November 3, 1982, a Motion and Affidavit in Support of Motion for Leave to Appeal in Forma Pauperis for Charly Fitzgerald was filed and granted by the circuit court.
In a child custody case after a hearing ore tenus, the findings of the trial court upon appeal "will be given every favorable presumption and will not be disturbed unless palpably wrong." Lovell v. Department of Pensions and Security,356 So.2d 188, 189 (Ala.Civ.App. 1978). Because the trial court has had the opportunity to hear the witnesses and observe their demeanor, and we have not, we will not substitute our judgment for that of the trial judge, "even if we would have decided the case differently." Parsons v. Parsons, 337 So.2d 765, 769
(Ala.Civ.App. 1976).
The controlling consideration in a child custody dispute is the best interest of the child, and the parent's prima facie right to custody must yield to this "superior criterion." Smithv. State Department of Pensions and Security, 340 So.2d 34
(Ala.Civ.App. 1976). Thus, if there is any evidence to support the trial court's finding that placement with the grandparents was in the child's best interest, we must affirm that finding in the absence of palpable error.
The record reveals that both parents have a history of mental illness; it also indicates a history of drug abuse. The parents have no permanent address and apparently wander all over the country, eating in soup kitchens and sleeping wherever they can find a room. Charly has no job skills, no job, and no marketable assets. Her parents, who have temporary custody of her first child, believe she is unfit and incapable of caring for a child.
The record further reveals that when faced with the possibility of losing custody of Ellie, and after signing a plan with DPS whereby they could receive favorable consideration by the court in a custody determination, neither parent made any effort to comply with the plan. The plan provided that they should contact DPS every other week; instead of complying with this minimal requirement, Ashley and Charly disappeared. They have complied with none of the other requirements of the plan.
Mr. and Mrs. Jeter are very favorably recommended by DPS. Mr. Jeter works with a boys' ranch in Florida, with an annual salary of $17,000 plus meals, housing, and transportation costs. Mr. and Mrs. Jeter have a very stable home life and several years' experience in child care and, in particular, in working with adopted children. The Jeters offer Ellie a very comfortable lifestyle with many educational opportunities available to her through the ranch facilities.
In light of the evidence presented, we cannot say that the trial court abused its discretion in awarding permanent custody of Ellie Ruth Fitzgerald to the Jeters or in terminating the parental rights of Ashley *Page 86 
and Charly Fitzgerald. We therefore affirm the judgment of the trial court.
AFFIRMED.
HOLMES, J., concurs.
BRADLEY, J., concurs in the result.