WRIGHT, Presiding Judge.
The District Court of Baldwin County, Alabama, after extensive oral hearing of testimony, entered judgment terminating the parental rights of the parents of three minor children. Thelma Goodwin is the mother of them all. William Childress is the father of the oldest child and Mike Goodwin is the father of the two younger children. The termination of parental rights of William Childress was not contested. This appeal is taken by Thelma and Mike Goodwin.
The record discloses a not unusual but nevertheless tragic saga of parents totally unprepared and unequipped, mentally, physically, emotionally or financially to rear their children. Our reference to the evidence before the trial court will be brief as we find the judgment of that court should be affirmed.
Thelma Amanda Cox became pregnant with the child of Larry Johnson in 1973 at the age of seventeen. She applied to the Alabama Department of Pensions and Security (DPS) for aid to dependent children (ADC) upon the birth of the child, and received it. In 1974 she married Johnson. In 1975 she divorced Johnson and began living with William Childress. In December 1975 the first of ten reports was made to DPS about the neglect by Thelma of her children and about her personal conduct. Thelma married Childress in 1976.
In April 1976 a DPS social worker made the first home visit to check the reports of Thelma’s excessive drinking, use of drugs and blowing marijuana smoke in the face of the Johnson child. The visit revealed “very poor conditions.” The child was wearing a towel for a diaper and was lying with Thelma upon a urine-soaked mattress asleep late in the morning.
In 1977 Thelma bore a child of William Childress. In 1978 Childress was working off the coast of Africa sending money home to Thelma. Thelma began a relationship with Mike Goodwin. Reports of her misconduct and neglect of her then two children came to DPS. In 1979 Thelma married Goodwin. In March of 1979, the youngest was hospitalized, suffering from impetigo, thrush, herpes in his throat, nose and mouth, and dehydration. Thelma told a social worker the child had measles with high fever. In August 1979, police found the two children wet and asleep in the back of a pickup truck parked outside a pool hall at 10:00 P.M. They were reported to be filthy and hungry, with one soiled with feces. The parents were escorted home because Goodwin had no drivers license. As a result of the police report, a pickup of the children was made by a social worker from *570 DPS. They were picked up at 11:30 A.M., and the mother was asleep. The children were up, unsupervised and unclean. They were kept by DPS until November 16,1979, when ordered returned by the circuit court.
The first Goodwin child was born in December 1979. The second in January 1981. Neither child received proper medical care, which would have been provided by DPS. Thelma received no prenatal care until a month before birth. The child born in January 1981 was found in April to have heart and other genetic defects. His face is partially paralyzed and he has an inverted breast.
In April 1981, the Goodwins requested foster care for the children by DPS. The request was granted. After home visits in June and August of 1981, the children were returned dirty and hungry. Thelma visited the DPS office on the morning of September 4, 1981, drunk and abusive. The Good-wins subsequently disappeared from Baldwin County without notice to DPS. Except for a call by Thelma from Louisiana in October, she was not heard from until March 29, 1982. Goodwin returned to Alabama and contacted DPS in February 1982, telling them he had left Thelma because of her drinking and relations with other men. When Thelma checked in with DPS on March 29, she reported that she had been living in four or five cities in Texas.
Subsequent contacts were made with the Goodwins by DPS in 1982. Conditions had not changed. Neither was employed and Thelma was again pregnant. They were living with and off of relatives.
The Johnson child was placed in the custody of his father in June 1982. The petition for termination of parental rights was filed in November 1982. At the hearing on January 26, 1983, the third Goodwin child was then four months old. Like each of the other Goodwin children born to Thelma, he had congenital heart defects and would require extensive heart surgery to survive. That child is not involved here and remains with the Goodwins. They now live with the paternal grandmother in a rented house. She is in ill health. Neither parent is employed, and they have no prospects of regular employment. The father has heart problems of his own. Because of its illness, the baby receives social security benefits.
It was the judgment of the trial court that the children were dependent and needed the protection of the State; that their best interest would be served by terminating the parental rights of the Goodwins and Childress and granting to DPS their permanent care and control, with the right to place them for adoption.
It is the opinion of this court that the evidence is clear and convincing that the best interest of these children will be served by severing their relationship of parent and child with their respective parents and placing them permanently in the custody of the State and its agent, the Department of Pensions and Security. The history of the family during the last ten years and the reasonable prospects of the parents to provide and care for these children in the years ahead, when considered with the presumption of correctness of the judgment of the trial court, totally support affirmance. We consider our decision to be in line with and supported by the principles stated in our recent decisions in the cases of Gaddy v. Alabama Department of Pensions & Security, 428 So.2d 91 (Ala.Civ.App.1983); Fitzgerald v. Jeter, 428 So.2d 84 (Ala.Civ.App. 1983); In re Palmer, 387 So.2d 215 (Ala.Civ. App.1980).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.