WRIGHT, Presiding Judge.
This is a termination of parental rights case.
On November 22, 1979, Mana Dianne Franco and her minor son, Michael, moved from California to Tallapoosa County, Alabama to live with Ms. Franco’s mother, Marilyn Frances Shaw. Ms. Franco, who had been divorced since 1977, was pregnant with another child, a daughter, April, who was born on April 3, 1980.
In January 1980, the Tallapoosa County Department of Pensions and Security (DPS) received a child abuse and neglect alert from the State of California concerning Ms. Franco’s loss of parental rights over another child, Jeffrey, in that state. The report stated that custody had been taken from Ms. Franco because she had been transient and had been living with several men in filthy conditions, subjecting Jeffrey to the use of drugs and alcohol.
Thereafter, DPS visited Ms. Franco at her mother’s home and later at a trailer where she had moved. On at least one occasion, the children were found to have the smell of urine about them. On other visits, the children were improperly dressed and dirty, and the trailer was unheated. DPS was also notified that Ms. Franco frequently spent the night out in night clubs, often leaving the children with less than desirable babysitters. On April 19, 1982, Mrs. Franco contacted DPS stating that her power had been turned off and requesting that the children be placed in foster care. At the time the children were picked up for placement, the trailer was extremely cold, the electricity was off and there were empty beer cans lying about. The children were improperly dressed for the cold. They were filthy and had a strong odor about them. They also had runny noses, and their lips and hands were blue from the cold.
On May 6, 1982, temporary custody was given DPS. Ms. Franco, shortly thereafter, entered into a contract with DPS whereby custody would be returned to her if she (1) obtained employment, (2) paid off her bills, (3) found a suitable home for six months, (4) kept in touch with the DPS social worker and (5) attended mental health. This last requirement was later dropped.
Subsequently, Ms. Franco moved to Birmingham, Alabama, where she lived with Jackie McClellan, an admitted drug dealer. The record indicates that Ms. Franco and Mr. McClellan were very transient, never living at one location for more than a few weeks. For a time, the record shows, they were living out of McClellan’s automobile. Between August 11, 1982, and July 12, 1983, Ms. Franco made, and later broke or cancelled, numerous appointments to visit with her children, claiming various reasons for the cancellations from no money to travel to Alexander City, to illness, to conflicts with her employer. She also went for long periods without any contact with either DPS or her children.
On July 21,1983, DPS petitioned for and, after an ore tenus hearing, was awarded permanent custody, thus terminating Ms. Franco’s parental rights. Ms. Franco appeals here, asserting that there was insufficient evidence to support the court’s decree and that there was no evidence presented establishing her present inability to care *370 for her children. Before addressing these issues, we first must consider DPS's contention that this appeal should be dismissed for want of timely filing of a notice on appeal.
MOTION TO DISMISS APPEAL
The record indicates that the court heard this case in the Tallapoosa County Courthouse in Dadeville, Alabama, on September 21, 1983. Judgment was entered that day. Notice of appeal to this court was filed in the office of the clerk in Alexander City on October 5, 1983. The clerk received it and marked it filed within fourteen days of judgment.
DPS moved to dismiss because under local law venue of the case lay in Dadeville. Thus the notice of appeal was filed in the wrong place and was of no avail.
There are local laws setting venue of cases filed in Tallapoosa County. One such law is 1923 Alabama Acts 337, applying to circuit court. That law is not applicable to this case, as it arose in the Juvenile Court of Tallapoosa County. The applicable law to district court is 1967 Alabama Acts 48. That act established the Court of Common Pleas of Tallapoosa County, with jurisdiction, including juvenile, county-wide. However, the act provided that there were two divisions of the court, a Dadeville Division and an Alexander City Division. Each division encompassed a certain portion of the county according to designated beats. It provided that venue of all criminal and civil actions arising within its jurisdiction should be determined as if the divisions of the court were separate counties. (We find no reference in the act to a division of the venue of juvenile cases.) Section 12-12-36(a)(1), Code of Alabama 1975 authorized the continuation in the district courts-of local laws providing for venue in lesser geographic areas than county-wide. Thus the District Court of Tallapoosa County has two divisions as provided in Act 48. It is from these local acts as to venue that DPS claims ground for dismissal of this appeal.
It must be kept in mind that there is only one clerk of the District and Circuit Courts of Tallapoosa County. He or she serves all divisions. There is authority in the act for the transfer of cases from one division to the other division if filed in the wrong division. In this case, the notice was filed with the clerk of the District Court of Tallapoosa County. That clerk wears one hat no matter where he sits. The notice of appeal was accepted and filed by that clerk. We would think it not uncommon for the clerk, while in one division, to accept suits to be filed for trial in the other division. We find no complaint of failure of notice to DPS because of the filing. We consider this case analogous to that of Ex parte Higgins, 423 So.2d 227 (Ala.), on remand, 423 So.2d 229 (Ala.Civ.App.1982).
ON MERITS
As to the merits of Ms. Franco’s appeal, we find that the decision of the trial court is due to be affirmed. “[Tjermination of parental rights by the state should occur only upon strong proof of abuse and/or continuing neglect of the welfare of the child.” Glover v. Alabama Department of Pensions and Security, 401 So.2d 786 (Ala.Civ.App.1981). However, we must be mindful that the controlling consideration in all cases involving child custody is the best interest of the child. Fitzgerald v. Jeter, 428 So.2d 84 (Ala.Civ.App.1983).
The trial court heard this matter ore tenus. We must give every favorable presumption to the trial court’s judgment. We will not reverse unless the judgment appears palpably wrong. Lovell v. Department of Pensions and Security, 356 So.2d 188 (Ala.Civ.App.1978); Fitzgerald, supra, at 85.
In the light of the evidence presented indicating Ms. Franco’s transient lifestyle, her association with known drug dealers, and her apparent lack of concern for the welfare of her children, we cannot say that the trial court abused its discretion in terminating her parental rights and awarding permanent custody of her two children to DPS.
AFFIRMED.
BRADLEY and HOLMlES, JJ., concur.