In this termination of parental rights case, the mother appeals and raises two issues through her able counsel.
She first contends that the trial court erred in admitting into evidence reports of mental health professionals and psychological evaluations of the mother and the children.
The Alabama Department of Human Resources (Department) offered those reports at the start of these disposition proceedings, and they were received into evidence over the objection of the mother's attorney that they constituted hearsay and that the mother was being deprived of her right of cross-examination. The trial court informed the mother's attorney that the reports had been received into evidence at prior dependency hearings either after testimony had been presented as to them or after the attorneys for all of the parties and the children had allowed their introduction into evidence. There were different attorneys for the mother at the prior hearings and at the final disposition hearing, her present attorney having been appointed to represent her after the other trials but before the disposition hearing. The trial court offered to allow the mother's present attorney to subpoena the authors of the reports if he desired to do so. Thereafter, the trial proceeded without any request for a continuance and, evidently, no effort was made to subpoena or to otherwise obtain the appearance or testimony of those individuals.
The trial court had been involved in this case for several years. Many hearings and trials had been held concerning these children. The trial court could take judicial knowledge of the previous proceedings and could consider the prior matters and was not required to ignore or attempt to forget the past.Witcher v. Motley, 417 So.2d 208 (Ala.Civ.App. 1982). Relevant and material evidence which is helpful in determining the disposition of children, including oral or written reports, can be received and relied upon even though it would not be competent evidence in a dependency hearing on the petition; however, the parties must have an opportunity to examine the written reports and to cross-examine the person making the reports. *Page 133 
§ 12-15-65(f), Code 1975. Here, the reports had been received into evidence at previous hearings either after testimony had been presented concerning them or by the stipulation or agreement of the attorneys for all parties. Therefore, the mother had previously had her opportunity to examine the reports and to cross-examine, and she had either previously exercised those rights or waived them. At the dispositional hearing the trial court offered to allow the mother to subpoena the authors of the reports in order to examine those people, but she made no request to do so, and she did not pursue the matter.
Under the above circumstances, we find no error in admitting the reports into evidence.
The mother next contends that the evidence was inadequate to terminate her parental rights.
From 1983 until the termination and disposition trial was held in March 1987, the Department had attempted to assist the parents in establishing a stable home. Homemakers were provided on a weekly basis. Social workers were in the home once a week and at other times when special difficulties were experienced by the family. The Department contacted local agencies to assist the family. Special counseling in parenting skills was provided to the mother, including personal hygiene. After the children had been removed from the home, they were permitted to return home on a trial basis but the situation regressed and the children were again placed in foster care. The parents would make small improvements when they received concentrated supervision but soon reverted to their original lifestyle and instability.
The father abused alcohol and frequently used the Social Security checks of the children to purchase his alcoholic beverages. The children's Social Security receipts were the primary, and sometimes sole, source of income for the family. Those resources of the children were not appropriately used by the parents for the children's benefit.
When the termination hearing was held, neither parent was employed and neither was able to provide for the children or to offer an acceptable plan for them. No relative was available for the placement of the children. The parents were separated but no divorce proceeding had been filed. The father's present residence was unknown. The mother lived with a married man upon whom she was dependent. Her paramour's present wife has four children who have been removed from the home and placed with others because of the husband's failure to adequately provide for them.
The parents allowed the children to live in most squalid conditions. They did not provide necessary medical treatment; they permitted the children to wear filthy, urine-soaked clothing; the parents provided inadequate food, heating, and water in the home; and they sent the children to school in a filthy and unsanitary condition. The parents gave no excuse or reason for failing to adjust their circumstances or to rehabilitate themselves in any manner during the almost four year period so as to provide for the minimum basic needs of the children. No apparent real or meaningful relationship now exists between the mother and the children.
While we have not summarized every aspect of the evidence which was supportive of the trial court's decision, the above facts were sufficient for the trial court to lawfully find that the Department had made many reasonable efforts to rehabilitate the parents over a long period of time but without any apparent success. The evidence clearly and convincingly proved that the parents were unable or unwilling to discharge their responsibilities to and for the children. § 26-18-7(a), Code 1975. The Department has attempted many alternatives in an effort to prevent the termination of parental rights. The children are adoptable and the chances are good that the children can be placed together for adoption. That is the only viable solution to the problem. No less drastic measure than termination of parental rights would serve the best interests of the children, and the final judgment to that effect was supported by "clear and convincing evidence, *Page 134 
competent, material and relevant in nature." § 26-18-7(a), Code 1975; Goodwin v. State Department of Pensions Security, 437 So.2d 568 (Ala.Civ.App. 1983).
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.