288 So.2d 747

**Laurada J. BLALOCK**

v.

**Lee R. BLALOCK.**

**Civ. 186.**

Court of Civil Appeals of Alabama.

Jan. 16, 1974.

Steagall & Adams, Ozark, for appellee.

Kenneth R. Cain, Ozark, for appellant.

BRADLEY, Judge.

This is an appeal from a decree of the Circuit Court of Dale County, in Equity, modifying a prior divorce decree. The appellee in the present proceeding sought a divorce from the appellant here, an answer was filed, and a written agreement previously entered into by the parties was also filed; thereupon, the trial court rendered a decree divorcing the parties, awarding child custody and child support, and making a property settlement, all in accord with the agreement previously mentioned. Within thirty days after the rendition of said divorce decree, appellant here filed a motion in the trial court asking that the di-vorce decree be set aside and a rehearing be held. The trial court heard testimony regarding the motion and entered an order modifying the original decree by awarding child support in the amount of ten dollars per week. The original decree was other-wise unchanged. This appeal is from that decree and the original decree.

The appellant filed seven assign-ments of error, but argued only three of those assignments in brief. Assignments of error not argued are deemed waived. Rule 9, Supreme Court Rules.

Appellant also offered argument in brief that the trial court erred in rendering the original divorce decree for the reason that it was not supported by sufficient le-gal evidence. The Supreme Court has of-tentimes stated that a trial court's judg-ment will not be reversed unless the error warranting such reversal is succinctly stat-ed in writing with the page number of the transcript of the record wherein the error occurred listed. Supreme Court Rule 1; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639. There was no assignment of error filed raising the contention that the di-vorce decree was unsupported by the evi-dence; consequently, this matter is not be-fore the court for review.

Appellant argues that the agreement en-tered into by the parties and made the ba-sis of the divorce decree was obtained by coercion, and that the extent of appellee's financial holdings was withheld from her; hence the property settlement aspect of the agreement should be set aside.

The evidence of coercion consisted of a threat to take the divorce matter to court unless appellant entered into the settlement agreement. The evidence concerning the nature of the threat was in dispute. The appellant stated that appellee threatened to go to court unless she agreed to the dispo-sition of certain property. Appellee stated that he informed appellant that if they could not agree on the disposition of the

property, the court would have to dispose of it.

The evidence being in conflict, we would have to find, in order to reverse the trial court, that its resolution of the conflict was palpably erroneous. After a careful examination of the record, we are not persuaded that the trial court erred in its resolution of this conflict. Notwithstanding our position on the resolution of the conflicting evidence by the trial court, we are not convinced that the statement that a person will resort to a court for the ascertainment of a legal right is a form of coercion, even when the statement is an attempt to force a settlement.

It is axiomatic that separation agreements must be free from fraud and duress in order to be valid, Cary v. Cary, 257 Ala. 431, 59 So.2d 659; yet, it has been said the threat to do that which one has a legal right to do cannot be said to be coercion. Hughes v. Leonard, 66 Colo. 500, 181 P. 200; see also 5 A.L.R. 823. In the case at bar, we believe that appellee had a right to ask a court of competent jurisdiction to resolve the matter of the property settlement.

Appellant contends that appellee concealed the extent of his financial worth from her and thereby tricked her into signing the separation agreement.

An equity court's decree may be impeached only for fraud in its procurement. Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153. The type of fraud that will void a separation agreement—which was the basis of the property settlement decree —is that fraud which is designed to procure an unconscionable judgment. *Id.* The appellant contends that the appellee willfully concealed the extent of his holdings, thereby causing her to enter into a fraudulent separation agreement which became the basis of the decree disposing of the property. However, the Supreme Court has said that the concealing of assets is not a sufficient showing of fraud to

reopen a case. Worthington v. Worthington, 218 Ala. 80, 117 So. 645. We do not, however, wish to indicate that we believe there was any sort of concealment of assets in this case, for there is evidence that appellant was aware of all appellee's holdings prior to the time she signed the separation agreement. As a matter of fact, the inferences that the trial court could have drawn from the evidence would have warranted the conclusion that appellant was anxious to be rid of appellee so that she might marry someone else and wanted very little from appellee in the way of property. Nevertheless, this ground upon which the separation agreement has been challenged is unsupported in the law.

Appellant's remaining argument concerns the provision in the separation agreement for the payment of eighty dollars per month for one year. She contends that such amount is insufficient for support.

The sum agreed to be paid to appellant is considered to be alimony in gross even though it is payable by installments for the reason that the payments are for a stated period, i. e., one year, and the total amount can be ascertained. See Welch v. Welch, 49 Ala.App. 647, 275 So. 2d 162. The award of alimony and the amount thereof is purely discretionary with the trial court, Title 34, Section 31, Code of Alabama 1940, as Recompiled 1958, and its exercise of such discretion will be reversed only when it is made to appear that such discretion was abused. The evidence in this case, particularly when it is remembered that appellant agreed to the amount in question, does not persuade us that the trial court abused its discretion in this regard.

No reversible error having been argued, this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.