WRIGHT, Presiding Judge.
George Sands filed an application for “leave with pay” with the Jefferson County Personnel Board. Application was denied by the Board. Sands then instituted this action against the Board and the individual members thereof, again seeking “leave with pay for injury received in the line of duty” as a policeman for the City of Birmingham. The Circuit Court of Jefferson County denied the relief sought and Sands appeals.
The record reveals that patrolman Sands, while answering a call to investigate a felony reportedly in progress on June 22, 1979, *408 discharged his firearm, killing a woman not actively involved in the crime. Public controversy over the shooting ensued. Sands was placed on one month administrative leave and on July 23, 1979, was assigned to the position of impounding vehicles. He remained at this position for a few days and left, complaining that the job was demeaning, that he was depressed and that the “news people was hounding me.” Sands applied for leave with pay shortly thereafter.
The relief sought by Sands is provided for under Rule 7.24 of the Rules and Regulations promulgated by the Jefferson County Personnel Board governing classified employees. The rule sets forth the pertinent following:
INJURY WITH PAY LEAVE. An employee who sustains a disabling injury without fault or negligence on his part while performing the duties of his position may be granted leave with pay by the Personnel Board. (Emphasis added.)
Sands sought to establish, in effect, that he had suffered severe emotional problems as a direct result of the shooting incident and that these problems constituted an injury disabling him from performing his duties as a policeman. After ore terms hearing, the trial court denied the relief sought by Sands, finding that if any injury resulted to him, it was not disabling.[1]
On appeal, Sands claims the trial court erred in denying his requested relief.
The only issue is whether the trial court abused its discretion in finding that any injury suffered by Sands was not disabling, such disabling injury being required for recovery under Rule 7.24 set forth above.
We have reviewed the record, including medical reports, exhibits and lengthy testimony, most carefully. The bulk of the evidence presented dealt directly with the question of whether any injury suffered by Sands as a result of the incident
was disabling. The evidence was conflicting on that point. It was the trial court’s duty to resolve the conflicts in and determine the weight to be given and inferences to be drawn from that evidence. Albertville Nursing Home v. Upton, 383 So.2d 544 (Ala.Civ.App.1980); Suggs Music Co. v. State Dept. of Revenue, 365 So.2d 977 (Ala.Civ.App.1978), cert. denied, 365 So.2d 979 (Ala.1979). We will not substitute our judgment for that of the trial court as to the effect of conflicting evidence. Gorman v. Gorman, 392 So.2d 238 (Ala.Civ.App.1980).
We have found evidence supportive of the trial court’s determination that Sands incurred no disabling injury. For that reason, we find no plain or palpable abuse of discretion in the trial court’s judgment. Anderson v. Blue Star Ready Mix, Inc., 391 So.2d 127 (Ala.Civ.App.1980).
The judgment is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. The case was tried upon consolidation with another action brought by Sands versus Birmingham Mayor Richard Arrington and others, seeking return to active duty on the Birmingham Police Force. In that action the trial court found favorably for Sands, that he was not disabled, and returned him to active duty.