This is an appeal from the denial of certain post-judgment motions for relief from a divorce decree.
The trial judge entered a decree divorcing the parties on August 4, 1980. The decree incorporated a separation agreement entered into by the parties which provided for the division of the parties' property. *Page 102 
On August 28, 1980, the wife filed a rule 59 (e), A.R.C.P., motion to vacate, alter, or amend the decree and a rule 60 (b), A.R.C.P., motion for relief from the decree. The wife alleged in the motions that: (1) she was not capable of transacting a separation agreement at the time it was entered due to her emotional instability and her subservient role in the marital relationship; (2) the husband misrepresented the value of his Amoco stock to her when they were negotiating the agreement; (3) she was subject to duress or undue influence during the period of time when the agreement was reached; and (4) the division of property set out in the agreement is inequitable.
The trial court ordered a trial of the factual issues raised in the motions. After an ore tenus hearing, the trial court denied the motions and the wife, through able counsel, appeals. We affirm the order of the trial court.
The record, viewed with the attendant presumption accorded the trial court, reveals the following pertinent facts:
The parties first married in 1969. They had no children born of this marriage. They divorced in 1977, but remarried in less than a month. At the time of the 1977 divorce, the attorney representing both the husband and wife drew up a separation agreement. The Amoco stock was specifically given to the husband in this first agreement. In the summer of 1980 they agreed to a second divorce and entered into a new separation agreement which is the subject of this appeal.
The husband was in his late forties at the time of trial. He has been working for Amoco Chemical since the early 1970's earning approximately $19,000 a year.
Amoco apparently has several stock purchase plans for its employees. The company matches a certain amount of the employee's investment. By the time of the divorce, the husband had contributed approximately $13,000 to this stock plan. The market value of this stock at the time of trial was approximately $27,000.
Prior to the parties' marriage the husband owned a home. After the marriage he sold his home and built a new home for the parties with the $17,500 he received from the sale of his previous home and a loan of $15,000. At the time of trial, the marital home was worth approximately $49,000 with a mortgage of less than $8,000.
The husband also owned a vacant lot which he sold after the parties married. He and the wife later bought a rental house valued at $15,000 and a vacant lot worth slightly less than $12,000. There is no mortgage on either of these properties.
The wife was fifty-one years old at the time of trial. She worked as a nurse's aide before the parties married, but quit her job shortly after the marriage. She owned no major assets at the time of the marriage. She never finished high school, but did obtain a G.E.D.
During the marriage, the parties began selling plants in their home. The wife was responsible for much of the work connected with the business, including caring for them, selling them, ordering supplies, and keeping the books.
The wife also kept records of all the parties' household expenses, paid the bills and accounted for all the money during the marriage. She deposited the husband's paycheck weekly into their joint account. The wife kept the checkbook and the passbook to the savings account. She had a key to the safety deposit box in which the Amoco stock reports and other financial records were kept.
The parties apparently had differences of opinion regarding the family finances and the plant business. Although the wife was primarily responsible for keeping the parties' financial records and running the plant business during the day, it appears that the husband was less than satisfied with his wife's handling of these matters. For her part, the wife disliked the long hours and inconvenience of running a plant business out of their home.
The parties often had arguments, many of which lasted most of the night. One *Page 103 
evening in mid-July, after the parties had been arguing, the wife left. After she had been gone almost two weeks, the husband told her that if she would not come home, then he wanted her to meet him at the office of an attorney friend of theirs, which she did.
The parties talked with the lawyer for about an hour and a half. While discussing the parties' financial conditions they had some disagreements. After the parties reached agreement, the lawyer drew up the necessary papers, which the parties signed almost a week later.
According to the parties' agreement, the wife is to receive a property settlement of $20,000 to be paid at the rate of $200 per month for 100 months. She agreed to convey to the husband her interest in the parties' real property and he is to be responsible for paying all mortgages and debts thereon.
The trial court granted the divorce on August 4, 1980, and incorporated the parties' agreement in the decree. On August 28, 1980, the wife filed her post-judgment motions seeking relief from the decree.
There are two issues on appeal: (1) whether the trial court erred to reversal in denying the wife's rule 59 (e) motion to alter, amend or vacate the decree, and (2) whether the trial judge erred to reversal in denying the wife's rule 60 (b) motion for relief from the decree. However, the wife argues several factual grounds as the basis of the alleged error on the trial judge's part in denying both motions.
We first address the issue of whether the trial court erred to reversal in denying the wife's rule 59 (e) motion. We note at the outset that our scope of review in an appeal from the denial of a rule 59 (e) motion is whether there was a manifest abuse of discretion. Sanders v. Sanders, 342 So.2d 380
(Ala.Civ.App. 1977).
The essence of the wife's motion is that she was unaware of the market value of the Amoco stock since the husband said he had put at most $13,000 into the stock plan. The wife testified at trial that she knew her husband contributed part of his income to the stock plan. She had seen, though not understood, the most recent stock report which had been put in the parties' safety deposit box.
At trial, the wife testified that the husband told their attorney in her presence that he had about $6,000 in the Amoco stock plan. The husband claimed he told the attorney in front of the wife he had about $13,000 in the plan. The husband further testified he was never asked the actual value of the Amoco stock at the time the property agreement was being discussed. He also indicated the wife was more familiar than he with all the parties' financial arrangements.
A property agreement may be vacated, altered, or amended if one party procures the agreement by fraud or conceals assets.Denton v. Sanford, 383 So.2d 847 (Ala.Civ.App. 1980). The issue of fraud is a factual question to be determined by the trial court. Blalock v. Blalock, 51 Ala. App. 686, 288 So.2d 747
(1974). Therefore, the ore tenus rule requires us to view such findings with a presumption of correctness. Gorman v. Gorman,392 So.2d 238 (Ala.Civ.App. 1980); 8 Ala. Digest, Divorce key 184 (4).
Our review of the record reveals that there is evidence to support the conclusion that the trial court did not so abuse its discretion as to require reversal in finding the husband did not conceal or fraudulently misrepresent the actual value of the Amoco stock.
There was evidence that the wife was aware the husband participated in the stock plan, although she was unsure of the total amount he had contributed. The husband did, however, tell the wife and their attorney how much of his earnings he had invested. The wife had the stock report in her possession the day she met with the husband and their attorney to discuss the property settlement. Her difficulty in understanding the stock report does not equate with "concealment" on the part of the husband. The wife's knowledge of the *Page 104 
existence of the stock and her access to the stock report support the trial court's judgment that no fraud was committed.
Through able counsel in brief the wife further contends that the rule 59 (e) motion should have been granted because of the inequity of the agreement itself. Husband and wife had divorced and remarried one another only three years before this divorce action. The wife had participated in drafting the 1977 separation agreement, and there is evidence that she had input into the terms of this current agreement. Property agreements between husband and wife need not be equal, but must only be equitable according to the circumstances of the case. Hudson v.Hudson, 391 So.2d 664 (Ala.Civ.App. 1980).
It does not appear, as a matter of law, that the evidence here supports a conclusion such as that in Kohn v. Kohn,52 Ala. App. 636, 296 So.2d 725, cert. denied, 292 Ala. 725,296 So.2d 730 (1974), where an agreement not acted upon by thecourt was set aside because it was inequitable. The wife in the instant action voluntarily signed the separation agreement. She was familiar with the family and business finances, and her prior divorce from the husband gave her an understanding of the ramifications of the current agreement. We further note that the marriage being dissolved is of short duration; that the marriage from the inception was "stormy"; and further, that the wife by the terms of the agreement received approximately 20% of the marital assets.
We find no merit in any of the remaining contentions raised by the wife in support of her motion to vacate, alter, or amend the decree. The trial court did not manifestly abuse its discretion in finding the wife's apparent emotional instability did not justify an order granting her rule 59 (e) motion. A number of physicians, family members, and friends testified the wife was hypertense, suffering from menopausal depression, and fatigue at the time of the divorce. This is far less serious, however, than the non compos mentis which courts have accepted as a ground to set aside or modify a decree. McLaughlin v.McLaughlin, 53 Ala. App. 545, 302 So.2d 233 (1974).
We particularly note that, since the wife was somewhat experienced in divorce proceedings and had a good understanding of the parties' financial affairs, the lack of separate counsel for her, in this instance, was not grounds for vacating or altering the decree. See Tichansky v. Tichansky, 54 Ala. App. 209, 307 So.2d 20, cert. denied, 293 Ala. 775, 307 So.2d 24
(1974).
In light of the above, we cannot hold the trial court erred in denying either the rule 59 (e) motion to vacate, alter, or amend the judgment or the rule 60 (b) motion for relief from the decree. To do so would be to substitute our judgment for that of the trial court. This the law does not permit. Suttonv. Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975).
All contentions of the wife having been considered, the order of the trial court is therefore and accordingly affirmed.
The wife's request for attorney's fee is denied.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.