This is a divorce case.
The wife-appellant petitioned the Circuit Court of Calhoun County seeking the dissolution of an alleged common-law marriage. After an ore tenus hearing, the trial court held that the parties were not married and denied the relief requested by the appellant.
The wife, through able counsel, appeals. Finding no reversible error, this court affirms.
The record reveals the following: The parties to this action were ceremoniously married in 1967. Two children were born of this marriage though one of them was subsequently adopted by the wife's mother. *Page 160 
The wife also had custody of a child she had had by a previous marriage. The marriage between these two parties ended with a divorce in February, 1978.
Shortly after the 1978 divorce the parties resumed living together. Though there were several separations, this arrangement lasted until the fall of 1980 when the final separation occurred. On July 4, 1981, the husband-appellee then remarried.
In September, 1981, the wife filed this divorce action. The complaint alleged that on or about March 12, 1978, the parties had entered into a common-law marriage; that the parties had separated in October, 1980; and that there existed a complete incompatibility of temperament between the parties. The wife then requested that she be granted a divorce; that the property be divided; and that the husband be ordered to pay child support, alimony, attorney fees and other bills incurred during the marriage. The husband denied the allegations of the wife's complaint and the matter was set for trial.
The trial court, after considering the evidence regarding the nature of the relationship entered into by these parties subsequent to the 1978 divorce, concluded that the appellant had failed to produce sufficient evidence to establish her claim that the relationship constituted a common-law marriage. Consequently, the trial court denied the relief requested by the appellant in her complaint.
The dispositive issue in the instant case is whether the trial court erred to reversal in finding that the evidence produced at trial was insufficient to prove the existence of a common-law marriage. This court concludes that the trial court did not err to reversal in so finding.
In Piel v. Brown, 361 So.2d 90 (Ala. 1978), the Alabama Supreme Court set out the three basic requirements necessary to establish a valid common-law marriage. The requirements are "(1) capacity, (2) present agreement or consent to be husband and wife, and (3) consummation. . . ." 361 So.2d at 93. There is no dispute that these parties had the capacity to enter into a marriage. There is, however, a dispute as to whether the requisite agreement was present and also as to whether the requisite consummation was present, i.e., whether the parties lived so as to "achieve public recognition of their status as husband and wife. . . ." 361 So.2d at 95.
The Piel opinion indicates that the "present agreement" requirement as well as "consummation" can be established circumstantially.
The evidence relied upon by the appellant as tending to establish these elements includes the filing of joint income tax returns, the maintenance of a joint checking account and the application for food stamps as husband and wife. Additional testimony revealed that the appellant worked long hours in the family business without pay, that the parties slept together and that the appellee purchased clothing and other household necessities. The appellant also testified that she considered herself married to the appellee and that their friends knew they were husband and wife.
The appellee, on the other hand, introduced evidence tending to dispute the existence of an agreement and consummation. This evidence includes the appellant's testimony on cross examination that on two separate job applications, one in 1979 and one in 1981, she stated that she was single and divorced. The appellant also testified that, when she was admitted to the hospital in 1980, she stated on the admission forms that she was single and divorced and, furthermore, that her ex-husband should be notified in case of emergency. Additionally, the appellant reported to the Department of Pensions and Security that she was single and divorced. Further testimony revealed that, after the 1978 divorce, the appellant told the school authorities that she was the sole guardian of the parties' children. Finally, the appellee testified that he did not consider appellant to be his wife and that he had not treated her as his wife since the 1978 divorce.
In Alabama it is well settled that a judgment rendered upon an ore tenus *Page 161 
hearing is presumed to be correct and will not be set aside unless it is plainly and palpably wrong. Brothers v. Vickers,406 So.2d 955 (Ala.Civ.App. 1981); Waters v. Waters,387 So.2d 838 (Ala.Civ.App. 1980). Additionally, where, as here, the evidence is in conflict, it is the function of the trier of fact, in this case the trial court, to resolve the conflict and reach a decision. General Mutual Insurance Co. v. Dennis,280 Ala. 434, 194 So.2d 838 (1967); Haas v. Madison County Board ofEducation, 380 So.2d 873 (Ala.Civ.App.), cert. denied,380 So.2d 877 (Ala. 1980). The trial court's resolution of the conflict will not be reversed on appeal unless palpably erroneous. Blalock v. Blalock, 51 Ala. App. 686, 288 So.2d 747
(1974).
As indicated above, there is evidence that the element of "present agreement or consent to be husband and wife" and the element of "consummation" were not present in the relationship the appellant and the appellee entered into after the 1978 divorce. Consequently, this court cannot hold that the trial court's judgment that no common-law marriage existed is palpably erroneous. To do so would be to substitute our judgment for that of the trial court. Sands v. Johnston,406 So.2d 407 (Ala.Civ.App. 1981). This we are not permitted to do.
Another issue raised by the appellant requires some brief comment. When questioning the appellee regarding the existence of certain life insurance policies, counsel for appellant asked the appellee if he listed himself as husband when applying for a policy on appellant's life. Appellee's counsel objected to the question on the ground that appellee had not acknowledged that he had taken out a policy on appellant's life. The trial court sustained the objection and the appellant contends the trial court erred in so doing. A review of the record reveals, however, that the appellee had previously testified that he did not remember taking out an insurance policy on appellant's life. Thus, the question propounded to appellee assumed a fact not in evidence; the question was objectionable for that reason; and the trial court properly sustained the objection.Cherry v. Hill, 283 Ala. 74, 214 So.2d 427 (1968). Additionally, we note that even if the trial court had erred in sustaining the objection, such error would have been harmless when viewed in light of the evidence as a whole.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.