HOLMES, Judge.
The plaintiff sued the defendant for conversion and breach of a bailment contract. After an ore tenus hearing, the trial court found for the plaintiff. A judgment of $2,415 was entered against the defendant. The defendant appeals and we affirm.
The dispositive issue is whether the evidence supports the judgment.
Viewing the record with the attendant presumptions accorded the trial court’s judgment, the following is pertinently revealed:
The plaintiff and his wife stopped in Mobile, Alabama, while en route to Florida. Personal property was stored with the defendant, who was in the business of storing personal property. The storage occurred in March 1981.
The plaintiff received a warehouse receipt from the defendant. The plaintiff signed the warehouse receipt as bailor of the goods. The plaintiff was listed on the warehouse receipt as the owner of the goods. The plaintiff paid the storage fee.
In April of 1981, the plaintiff and his wife separated. Thereafter, plaintiff’s wife went to the defendant and requested the goods and the defendant gave the goods to the wife.
The plaintiff then contacted the defendant and requested the goods. The defendant was, in view of the above, unable to deliver the goods and the plaintiff filed the instant lawsuit.
The following code section is applicable and dispositive of the instant appeal. Alabama Code § 7-7-403 (1975) in pertinent part provides as follows:
“(1) The bailee must deliver the goods to a person entitled under the document who complies with subsections (2) and (3), unless and to the extent that the bailee establishes any of the following:
*969 “(a) Delivery of the goods to a person whose receipt was rightful as against the claimant;
“(b) Damage to or delay, loss or destruction of the goods for which the bailee is not liable;
“(c) Previous sale or other disposition of the goods in lawful enforcement of a lien or on warehouseman’s lawful termination of storage;
“(d) The exercise by a seller of his right to stop delivery pursuant to the provisions of the article on sales (section 7-2-705);
“(e) A diversion, reconsignment or other disposition pursuant to the provisions of this article (section 7-7-303) or tariff regulating such right;
“(f) Release, satisfaction or any other fact affording a personal defense against the claimant;
“(g) Any other lawful excuse.”
The defendant’s duty and obligation is, under this code section, clear. That duty and obligation is to deliver the goods to the “person entitled under the document,” etc.
The document in this case is the aforementioned warehouse receipt. The defendant, in this instance, did not deliver the goods to the person so entitled. The defendant delivered the goods to the wife of the person “entitled” to receive.
What this court said in Treadwell Ford v. Wallace, 49 Ala.App. 308, 271 So.2d 505 (1973), in quoting from Doyle v. Peerless Motor Car Co. of New England, 226 Mass. 561, 116 N.E. 257 (1917), is applicable in this case.
“ ‘A delivery to an unauthorized person is as much a conversion as would be a sale of the property, or an appropriation of it to the bailee’s own use. In such cases, neither a sincere and apparently well founded belief that the tortious act was right, nor the exercise of any degree of care, constitutes a defense even to a gratuitous bailee.’ ”
49 Ala.App. at 314, 271 So.2d at 510.
The defendant, through able counsel, contends that defendant’s action in delivering the goods to the wife falls within § 7-7-403(l)(g), “any other lawful excuse.”
The defendant’s specific contentions are that certain verbal representations made by the plaintiff, and the wife’s possession of the warehouse receipt “excused” the defendant’s action. In addition, the defendant apparently makes some contention that its actions were justified because it acted in good faith.
Suffice it to say that the defendant’s specific contentions are in large measure based on disputed facts or on facts not contained in the record.
In any event, it was the trial court’s duty to resolve conflict in the testimony. The trial court did so resolve as we have indicated above. Where the evidence is in conflict, it is the function of the trier of fact to resolve the conflict and reach a decision. The trial court’s resolution of the conflict will not be reversed on appeal unless palpably erroneous. See Harden v. Harden, 418 So.2d 159 (Ala.Civ.App.1982), and cases cited therein. Here, the trial court is not palpably erroneous.
As to “good faith” contention, in this instance see Treadwell Ford v. Wallace, 49 Ala.App. 308, 271 So.2d 505 (1973).
As seen from the above, we find the trial court’s action in finding for the plaintiff to be supported by the evidence.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.