This is a parental rights termination case.
Two illegitimate children are here involved. The boy was born in May 1980 and the girl in June 1981. The alleged, and admitted, father of both children was seventeen years of age, and the mother was fourteen at the time of the birth of the oldest child. On the date of the final hearing in this matter, the parents and children were the following ages: the father, twenty-one; the mother, seventeen; the boy, three; and the girl, two.
After personally hearing several witnesses testify, the juvenile court found that the children were dependent for several reasons which were stated in the judgment. Consequently, the parents' rights were terminated, and the children were placed in the permanent legal custody of the department so that the children could be placed for adoption. The mother, through her guardian ad litem, has appealed, and the sufficiency of the evidence to support the final judgment is the raised issue.
In the most recent published case upon this subject, the applicable law concerning this issue was succinctly stated as follows:
 "`Where the dispute over custody of a child is between the child's natural parent and a party who is not the child's natural parent, the natural parent has a prima facie right to the child's custody. However, the right is not absolute but is subject to the equally well settled rule that the best interest and welfare of the child are controlling in child custody cases. Borsdorf v. Mills, 49 Ala. App. 658, 275 So.2d 338 (1973).'
Ely v. Casteel, 341 So.2d 730 (Ala.Civ.App. 1977).
 "In a termination of parental rights case, the ore tenus rule applies. This *Page 316 
means that the judgment of the trial court is given every favorable presumption and will not be overturned unless it is palpably wrong. Hudgins v. State, 418 So.2d 913 (Ala.Civ.App. 1982).
 "Before a trial court can terminate a parent's right to custody of its child, there must be clear and convincing evidence before the court that it would not be in the child's best interests to be in the natural parent's custody. Vinson v. AGAPE of Central Alabama, Inc., 416 So.2d 1075 (Ala.Civ.App. 1982)."
Matter of Rivera, 444 So.2d 858, 859 (Ala.Civ.App. 1983).
We have read, reviewed and studied the briefs of counsel and the entire 126-page transcript of the trial testimony. The evidence was clear and convincing in the following aspects: The father of the two children had indicated very little or no care or paternal responsibility for the children since their respective births. The mother had a flippant lack of concern for, or interest in, the welfare of these children and even expressed relief when the temporary custody of both children was granted to the department. She neglected the physical and medical needs of these babies. The mother possessed few parenting skills, had no desire to learn basic mothering techniques and evidenced no progress in those skills after over two years of supportive services, which were consistently tendered and rendered to her by DPS. She was disposed to almost always fail to cooperate with the department. This mother has lived out of wedlock with a forty-five-year-old man since March 1982, and she gave birth to his child in the early summer of 1983. She was seventeen years of age when that third child was born.
While we opt not to detail the evidence in this case, the above broad sketchy synopsis of parts of it is adequate to indicate that clear and convincing evidence supports the trial court's findings that parental rights be terminated and that permanent custody of the children be awarded to the department so that these young children may be adopted. Matter of Rivera,supra. The evidence was clear and convincing that the judgment as rendered by the learned trial court was to the best interest of these two children and was not palpably wrong.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.