This is a workmen's compensation case.
Mr. Luther was killed in an accident while driving a vehicle for his employer. In paragraph one of her complaint the plaintiff, Margaret Luther, averred that she was the widow of Mr. Luther and was the person to receive workmen's compensation benefits arising out of his death. The employer's answer denied the allegations of paragraph one and admitted all other averments of the plaintiff's complaint. The critical issue in the case was whether a common-law marriage existed between the plaintiff and Mr. Luther. After very extensive testimony before the trial court, it was adjudged that the plaintiff did not establish that she was the common-law wife of Mr. Luther, and the plaintiff's complaint was dismissed. She appealed.
We summarize the evidence which concerned a common-law marriage between them.
The plaintiff testified that she and Mr. Luther were never ceremonially married, that they lived together for about nine months until his death on March 8, 1984, and that she had tried to be a wife to him. She waited on him when he had a broken leg, took care of him, cooked for him, washed his clothes, and treated him as if he were her husband. She told one lady that she and Mr. Luther were married. They attended church, ate, and visited his mother in a nursing home together. She further testified that Mr. Luther commenced introducing her to others as his wife about the second week that they lived together. The plaintiff and Mr. Luther established a joint bank account, from which their monthly bills were paid. The plaintiff would obtain Mr. Luther's check from his employer and deposit it to that account. Shortly before his death, Mr. Luther filed with his employer an insurance form which described the plaintiff as being his wife.
On the other hand, there was evidence which conflicted with the above. During the entire time that they lived together, the plaintiff received $307 each month in Veterans Administration benefits through a deceased former husband. She was also the recipient as an unmarried person of $11 monthly as rent money, and was furnished an apartment by a federal government program. Each of those benefits was of such a nature that it would terminate if she were married, and the plaintiff was aware of that but did not notify any of those agencies that she and Mr. Luther had married. *Page 193 
Neither the plaintiff nor Mr. Luther ever made known to Mr. Luther's two adult daughters or to his mother that they were married. To the contrary, four days before he was killed, the plaintiff told one of Mr. Luther's daughters that she and Mr. Luther were planning to be married, and the plaintiff showed to that daughter a new bed which they intended to christen following their marriage. On that same occasion, the plaintiff paid that daughter for some Tupperware with a check which she signed "Margaret Smothers," not Margaret Luther.
While the body of Mr. Luther was at the funeral home prior to burial, the plaintiff did not tell anyone in the presence of either of his two children that she was Mr. Luther's widow.
As was true in Kirkland v. Brantley, 380 So.2d 290 (Ala. 1980), the record here is also without any direct proof that the plaintiff and Mr. Luther ever mutually agreed and consented by any words that they were husband and wife.
To establish a common-law marriage, there must be a present agreement or mutual understanding to enter into the marriage relationship, the parties must be legally capable of making the contract of marriage, and there must follow cohabitation as man and wife and a public recognition of that relationship. Further, the courts will closely scrutinize claims of common-law marriage and require clear and convincing proof thereof. Walton v. Walton, 409 So.2d 858 (Ala.Civ.App. 1982).
In a case where the issue was whether or not the petitioner was the widow as a result of a common-law marriage of the petitioner and the deceased, the trial court determined on conflicting testimony that she was not the widow. The Supreme Court of Alabama stated that "[t]he burden of proof rested upon petitioner appellant." Rogers v. McLeskey, 225 Ala. 148,142 So. 526 (1932) (citation omitted). Thus, the initial burden of proof was here upon the plaintiff to reasonably satisfy the trial court by clear and convincing evidence that she was the widow of Mr. Luther. This she failed to do.
After reviewing all of the evidence, it is obvious that there was a factual conflict as to whether a common-law marriage existed between the plaintiff and Mr. Luther. Under those circumstances it was the function of the learned trial court to resolve that conflict and to reach a decision upon that issue which determination will not be reversed upon an appeal unless it was clearly erroneous. Harden v. Harden, 418 So.2d 159
(Ala.Civ.App. 1982). The trial court declared that such a common-law marriage was not established. Because of the application of the ore tenus rule, we must presume that such a finding of the trial court was correct, and we are not authorized upon an appeal to set it aside if it was supported by credible evidence unless it was palpably wrong. Harden v.Harden, supra.
The decision of the trial court that no such marriage ever existed was supported by competent evidence, and the judgment was not palpably wrong.
As another issue, the plaintiff attacks the adequacy of the finding of facts in the trial court's judgment as such finding is required by section 25-5-88, Code 1975. The trial court determined that the plaintiff failed to meet the burden of proof "that she was the common law wife of the Employee [Mr. Luther]. . . ." That factual finding of the trial court was adequate under the statute to meet the issue made.
Lastly, the plaintiff through most capable counsel claims error in that the trial court in four cited instances sustained the employer's objections to certain questions propounded by the plaintiff's attorney concerning whether statements had been made by the plaintiff or by Mr. Luther concerning their marital relationship.
In one instance the objection was actually overruled. As to the next question, the trial court sustained the objection, but only after the plaintiff stated, "I don't understand what you mean." There was certainly no error regarding those two matters. *Page 194 
As to the third instance, the objection was sustained to a question asked of the plaintiff as to what she told Mr. Luther's employer in order for her to receive his pay checks and no showing was ever made as to what her answer was expected to be. Accordingly, for aught that appears, the question sought totally immaterial information. Burnett v. Garrison, 261 Ala. 622,631, 75 So.2d 144, 152 (1954).
Lastly, the plaintiff testified that she and Mr. Luther attended church together as husband and wife, and her answer was excluded. She could not testify as to Mr. Luther's purpose or intent in that regard, for a person may not testify as to the uncommunicated purpose or intent of another. C. Gamble,McElroy's Alabama Evidence § 102.07 (4) (3d ed. 1977).
Much evidence was introduced as to whether a common-law marriage existed, and it has been briefly summarized herein. While we do not feel that there was error in sustaining objections in any of these four instances, the rulings were harmless in any event, with no injury to the plaintiff in view of the totality of the evidence and the fact that it was largely cumulative. Rodgers v. Hill, 453 So.2d 1057
(Ala.Civ.App. 1984); Robinson v. McElroy, 435 So.2d 742
(Ala.Civ.App. 1983); Agee v. Griffin, 389 So.2d 513
(Ala.Civ.App.), cert. denied, 389 So.2d 516 (Ala. 1980); Rule 45, Alabama Rules of Appellate Procedure; Rule 61, Alabama Rules of Civil Procedure. Stated differently, "we note that even if the trial court had erred in sustaining the objection, such error would have been harmless when viewed in light of the evidence as a whole." Harden v. Harden, 418 So.2d at 161. We also note that objections of the plaintiff were sustained numerous times by the trial court to similar questions asked by the employer.
Because the determination of the above issues is decisive of this appeal, we opt not to delve into matters concerning whether either the plaintiff or Mr. Luther was legally capable of marriage to the other during the time in question.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.