This is a parental rights termination case. A petition to that end was filed in the juvenile court by the Hutchinses, the paternal uncle and aunt of the child.
The child was born in February 1983. At that time, her parents had resided together for over four years without being married. In April 1984, when the child was fourteen months of age, the mother was sentenced to jail for six months for a misdemeanor, and the father received a penitentiary felony sentence. During the life of this daughter, the parents and child had freeloaded with the paternal grandmother upon what she could furnish them from her social security check. That grandmother agreed to look after this granddaughter during the parents' incarceration, but, finding that she was unable to satisfactorily care for the child, she took the girl to the Hutchinses' home and left her in their custody in May 1984. The child has resided with them since that time.
Two lengthy evidentiary hearings were held before the trial court on the merits of the petition. Since the father of the child was in the penitentiary, he was not present at the first hearing, but both parents were in attendance at the second hearing where much of the testimony was repetitious of *Page 1154 
that previously heard. The evidence totals 297 pages.
The trial court in the final judgment declared that the child was a dependent child, and the parental rights of both parents were terminated. Only the mother took an appeal. She first attacks the sufficiency of the evidence to support the action which was taken by the trial court.
The trial court's exercise of discretion in termination cases is guided by the provisions of the Code of Alabama of 1975, §§26-18-1 through -10, otherwise known as the 1984 Child Protection Act. It is provided in § 26-18-7 (a) that, if the court finds from clear and convincing evidence, competent, material and relevant in nature, that the parents are (1) unable or unwilling to discharge their responsibilities to and for the child, or (2) that the conduct or condition of the parents renders them unable to properly care for the child and that such conduct or condition is unlikely to change in the foreseeable future, the trial court may terminate parental rights. That section thus authorizes termination of parental rights in the instances which we have numbered (1) and (2). That section then enumerates various factors which, although they are not exclusive, are to be considered by the trial court, if applicable in a particular case, in determining whether or not the parents are unable or unwilling to discharge their responsibilities to and for the child.
The "clear and convincing" standard does not change the previous rule in that respect. King v. State, 451 So.2d 314
(Ala.Civ.App. 1984). We cannot determine that any erroneous standard was here applied by the trial court.
The appellate courts of this state utilize the ore tenus rule in reviewing cases involving termination of parental rights. Since the trial court heard and observed the witnesses, the final judgment is presumed to be factually correct and will not be overturned on appeal unless the trial court's decision was so unsupported by the evidence as to be palpably wrong. King, 451 So.2d at 315; Fitzgerald v. Jeter, 428 So.2d 84
(Ala.Civ.App. 1983).
We have read, studied, and reviewed the briefs of able counsel and the entire record and find that there was proper, clear, and convincing evidence which upheld the judgment of the trial court. We opt not to even summarize that evidence, for to do so would not benefit any concerned party and would not add to precedent. While the mother's evidence denied and disputed much of that testimony which supports the decision of the trial court, it was the distinct function and duty of the trial court to settle and decide those factual disputes through the final judgment, and we cannot change that factual determination under the circumstances. Harden v. Harden, 418 So.2d 159
(Ala.Civ.App. 1982). The opinion of the trial court was not palpably wrong.
The mother further argues that the trial court was in error in terminating her parental rights without first requiring a reasonable effort by the Department of Pensions and Security or some other authorized agency to rehabilitate her. Ala. Code (1975), § 26-18-7 (a)(6). The trial court could have decided under the evidence that the conduct or condition of the parents was such as to render them unable to properly care for the child and that such conduct or condition was unlikely to change in the foreseeable future. Ala. Code (1975), § 26-18-7 (a). Upon such a finding, § 26-18-7 (a)(6) would have no application. On the other hand, if the decision of the trial court was based upon the parents' being unable or unwilling to discharge their responsibilities to this child, there is no requirement that rehabilitation must have been attempted before parental rights could validly be terminated. If parental rehabilitation was attempted and failed, that fact then merely becomes one factor under § 26-18-7 (a)(6) that the trial court "shall consider" in the decision making process as to whether or not parental rights shall be terminated because the parents are unable or unwilling to fulfill their parental responsibilities.
Finding no error, we affirm. *Page 1155 
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.