In the divorce judgment, the trial court granted custody of the 22-month-old child of the parties to the mother. The father appealed and argues, through most able counsel, that the trial court abused its discretion relative to the custody award.
We have carefully read and studied all of the trial evidence. It conflicted as to numerous material issues. Because of the vast number of cases concerning child custody awards, we perceive no benefit that would inure from a recital of the facts in this opinion. However, we observe that either, or both, of the parties could have been determined by the trial court to have been fit and capable parents.
Regardless of a child's tender age, child custody is determined pursuant *Page 414 
to the best interests of the child as revealed by the individual facts in the case. Ex parte Devine,398 So.2d 686 (Ala. 1981). Much testimony was taken before the trial court. Consequently, a strong presumption exists on appeal in favor of the decision of the trial court if there was credible supportive evidence, and the trial court's judgment will not be reversed unless it was palpably wrong. Giles v.Giles, 512 So.2d 1380 (Ala.Civ.App. 1987); Hall v.Hall, 421 So.2d 1270 (Ala.Civ.App. 1982). A decision as to child custody in a divorce case falls within the discretion of the trial court, and its ruling thereon will not be changed on appeal except for an abuse of such discretion. When conflicts in the evidence are resolved by a trial court, we have no authority to substitute our judgment for that of the trial court. Mansell v. Mansell, 437 So.2d 588
(Ala.Civ.App. 1983).
Since adequate testimony was introduced which would have supported a custody award to either party and because the evidence conflicted in many respects, it was peculiarly within the prerogative of the learned trial court to determine what custody arrangement was in the best interest of the minor child and to award his custody accordingly. Cooper v.Cooper, 473 So.2d 1083 (Ala.Civ.App. 1985). The trial court's custody award determined evidentiary conflicts. Theore tenus presumption and the discretionary rule apply. Since there was evidence which supported the grant of custody of the child to the mother, we cannot say that the trial court was palpably wrong or that the custody award constituted an abuse of discretion. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.