EDWARD N. SCRUGGS, Retired Circuit Judge.
The guardian of Robert R. Oyler filed the complaint on October 3, 1986 on Mr. Oyler’s behalf. It sought an annulment of the March 12, 1985 marriage of Mr. Oyler and Margaret E. Oyler, the defendant, on the ground that, at the time of the marriage, Mr. Oyler did not possess sufficient mental capacity to understand the nature of the marriage contract, that his mental condition was impaired to such degree as to justify an annulment of the marriage. After Mr. Oyler’s death on October 10, 1986 at the age of eighty-four years, the case was revived with Mr. Oyler’s only heirs at law, his son and two daughters, being made the parties plaintiff. Extensive ore tenus testimony was presented before the trial court on three different dates. The trial court found that the marriage was valid and a final judgment was entered in favor of the defendant wife. The plaintiffs' motion for a new trial was overruled and they timely appealed.
We have read, studied, and considered all of the trial evidence and the briefs of able counsel for both sides.
The three plaintiffs testified and they presented the additional testimony of eight of Mr. Oyler’s friends and/or fellow workers. The specific evidence which was presented on the plaintiffs’ behalf pertained to Mr. Oyler’s loss of memory, to his failure to remember people or certain events, to his fantasies or hallucinations that certain things had happened when they had not, and to changes in his actions and attitudes which commenced in 1983 which indicated mental abnormalities. Each witness on behalf of the plaintiffs opined that Mr. Oyler was mentally incompetent.
On the other hand, one of Mr. Oyler’s fellow employees, a housewife who was a friend of the wife, the son and the sister of the wife, an impartial attorney, and the wife each testified that Mr. Oyler was mentally competent.
In short, the testimony conflicted and was of such a nature that the trial court could have rendered a valid final judgment in favor of either side. Accordingly, it was peculiarly within the trial court’s prerogative to decide whether Mr. Oyler had the mental capacity to lawfully marry on March 12, 1985. Matter of Hutchins, 474 So.2d 1152 (Ala.Civ.App. 1985); Harden v. Harden, 418 So.2d 159 (Ala.Civ.App.1982). The trial court resolved the conflict in the evidence in favor of the wife, and we have no authority to substitute our judgment for that of the trial court. Myers v. Myers, 523 So.2d 413 (Ala.Civ.App.1987); Harden, 418 So.2d at 161. Practically all of the extensive testimony was presented ore tenus before the trial court. Consequently, on appeal a strong presumption of correctness exists in favor of the trial court’s decision and we cannot reverse unless it was palpably wrong. Myers, 523 So.2d at 414; Harden, 418 So.2d at 160. The plaintiffs contend that the judgment was contrary to the great weight of the evidence. However, *921 since the trial evidence was in substantial conflict, it fell within the special province of the trial court to determine the weight and credibility to be given to the testimony of each witness. Swain v. State, 495 So.2d 1136 (Ala.Civ.App.1986); Wiggins v. Brown, 391 So.2d 128 (Ala.Civ.App.1980).
As previously indicated, there was competent evidence before the trial court that Mr. Oyler was mentally competent when he and Margaret married. As a result, the trial court’s holding was not palpably wrong, clearly erroneous, nor unjust. For us to disturb it would be to substitute our judgment for that of the trial court, which we are not allowed to do. Harden, 418 So.2d at 161.
The only other appellate issue concerns the action of the trial court in sustaining the wife’s objection to the following question asked of Mr. Oyler’s son by the plaintiffs’ attorney: “Do you have an opinion as of March 12, 1985 whether he had the mental capacity to understand the nature of a marriage relationship?”
As a general rule, a witness cannot testify that a testator was capable, or was not capable, of making a will because that is the issue to be decided by the trier of facts. Wilkinson v. Duncan, 294 Ala. 509, 512, 319 So.2d 253 (1975). “[T]he witness may not testify to his opinion upon an ultimate fact, sometimes called the very fact in issue.” C. Gamble, McElroy’s Alabama Evidence § 127.01(3) (variety no. 3), p. 265 (1977) (footnote omitted). In the case sub judice, the question sought the son’s opinion upon the ultimate fact in the case and the learned trial court properly sustained the wife’s objection to it.
However, even if the trial court had erred in that evidentiary ruling, it would be harmless error when viewed in light of all of the voluminous evidence from which we find no prejudicial effect of the trial court’s ruling upon the plaintiffs. Rule 61, Alabama Rules of Civil Procedure; Rule 45, Alabama Rules of Appellate Procedure; Harden, 418 So.2d at 161.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.