EDWARD N. SCRUGGS, Retired Circuit Judge.
The mother appeals from the trial court’s decision in its divorce judgment to award the custody of the twenty-one-month old son of the parties to the father.
We pretermit a summary of the evidence which was presented ore tenus before the trial court because no benefit would inure by stating the facts in view of the vast number of cases concerning child custody awards in divorce cases.
Here, there were conflicts in the testimony and it was peculiarly within the discretion of the trial cóurt to determine which particular custody award was in the child’s best interests. The trial court’s ruling as to child custody was entered after an ore tenus trial. Consequently, it is presumed to be correct and will not be disturbed by us on appeal unless it was so unsupported by the evidence as to be palpably wrong. Kimbrell v. Kimbrell, 531 So.2d 1227 (Ala. Civ.App.1988); Myers v. Myers, 523 So.2d 413 (Ala.Civ.App.1988); Davis v. Davis, 496 So.2d 78 (Ala.Civ.App.1986).
We have read all of the rather voluminous testimony in connection with the helpful briefs of counsel for both sides. Evidence was introduced which would have sufficiently supported the award of the child’s custody to either party. In short, adequate testimony upheld the decision of the trial court. We have no authority to weigh conflicting evidence nor to substitute our opinion for that of the trial court where conflicts exist in the testimony. Myers, supra. To reverse this case would violate those rules. There was no abuse of discretion in the custody award and the trial court was not palpably wrong.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.