ROBERTSON, Judge.
This is a divorce case;
After an ore tenus hearing, the trial court granted the divorce on incompatibility, awarded custody of the parties’ minor child to the wife with specific visitation privileges to the husband, and ordered him to pay child support. The trial court also ordered a certain property division. The husband filed a motion for new trial and to alter, amend, or vacate judgment which was orally argued before the trial court, and subsequently denied. The husband appealed, alleging that the trial court abused its discretion in denying his post trial motion, thus allowing to stand, the award of child support, the court’s property division, and other obligations placed on the husband by the trial court.
It is well established that the issues the husband raises are solidly within the trial court’s discretion and will not be reversed except for palpable abuse. See (regarding division of property) Lawson v. Lawson, 507 So.2d 524 (Ala.Civ.App.1987); see (regarding child support) Pruett v. Pruett, 333 So.2d 580 (Ala.Civ.App.1976); see (regarding post trial motions) Nelson v. Nelson, 408 So.2d 101 (Ala.Civ.App.1981), cert. denied, 408 So.2d 104 (Ala.1982).
In divorce cases, when the evidence has been presented to the trial court ore tenus, as in the instant appeal, the judgment appealed from is presumed to be correct, and will not be set aside on appeal unless it is plainly and palpably wrong or unjust. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
A recitation of the specific facts in this appeal promotes no legal purpose due to the quantity of cases on these same legal subjects and is therefore omitted here. Reviewing the record with the appropriate presumptions, we are not persuaded that the trial court abused its discretion. For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The wife’s request for attorney’s fee for representation on appeal is denied.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HOLMES, P.J., and INGRAM, J., concur.