This is a termination of parental rights case.
In February 1991 the Houston County Department of Human Resources (DHR) filed a petition to terminate the paternal rights of L.B. (mother) and the putative father, D.W., as to the minor child, O.N.B.
In April 1991 an order was entered establishing that D.W. was indeed the father of the child. After an ore tenus proceeding in May, the trial court entered an order terminating the parental rights of the mother and the father. The father then filed a motion to set aside judgment, which was denied. The father filed notice of appeal to this court; the mother did not appeal.
The issue on appeal is whether the trial court properly determined that termination of the father's parental rights was in the best interests of the child.
The record reveals the following: The father suffers from a chronic form of paranoid schizophrenia, which causes severe disturbances in his mood and behavior and which has been aggravated in the past by his abuse of drugs and alcohol. The father was diagnosed with this illness in 1975 and has been admitted into a psychiatric hospital eight times. The record indicates that the father has never been able to live successfully on his own for an extended period of time.
At trial, several of the father's doctors offered detailed testimony concerning his mental condition. One doctor stated that the father might be able to live independently if he avoided drugs and alcohol, but felt that the severe stress of raising a child could overwhelm him. The doctor noted that stress tended to trigger the father's psychotic episodes and that he was violent and dangerous during such times. The father's wife and mother both testified that he had attacked them on several occasions when he was suffering from active psychosis.
The father has a stepchild, with whom he has sometimes been violent. The record shows that the father has had little contact with O.N.B. since her birth. His actual paternity of the child was not established until after termination proceedings were begun.
Before parental rights may be terminated, the trial court must find by clear and convincing evidence that the child is dependent and that no viable alternatives to termination exist.Matter of Moore, 470 So.2d 1269 (Ala.Civ.App. 1985). Here, the trial court found that the father had failed to carry out his duties as a parent to O.N.B., due to his illness and frequent hospitalization. The court further found it highly probable that the father would suffer a psychotic relapse and perhaps repeat the violent behavior he had exhibited in the past. The court also held that there was no reasonable alternative to termination. *Page 504 
The father argues that the trial court erred in terminating his rights based on his mental illness, without first offering him a chance to take parenting classes or otherwise rehabilitate himself. The father suggests that such rehabilitation would be a viable alternative to termination.
At trial, a DHR social worker admitted that DHR had not attempted to rehabilitate the father's parenting skills before filing for termination of his parental rights, because his illness was too severe to make such an attempt worthwhile. The social worker added that, even if the father took parenting classes, DHR would still recommend termination of his rights. There was other testimony which indicates that an attempt at rehabilitation would take a great deal of time and effort, at the expense of the child's chances for adoption.
A child may be found to be dependent based on the mental illness or mental deficiency of a parent, if the disorder renders the parent unable to take care of the child and is unlikely to change in the foreseeable future. If such a finding is made, there is no requirement that rehabilitation be attempted before the parental rights may be terminated.Matter of Hutchins, 474 So.2d 1152 (Ala.Civ.App. 1985).
Here, the court determined that the father's illness rendered him unable to care for the child's needs and that this condition was unlikely to change and could even worsen. These findings are presumed correct and will not be set aside on appeal unless they are so unsupported by the evidence as to be plainly and palpably wrong. Wallace v. Jefferson County Dep'tof Pensions Security, 501 So.2d 473 (Ala.Civ.App. 1986).
We have fully reviewed the record and find that the trial court's conclusions are supported by the evidence presented at trial. The court was therefore not required to order rehabilitative measures for the father before it could terminate his parental rights. There being no error in the court's judgment, it is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.