WRIGHT, Presiding Judge.
This is a child custody case.
On March 19, 1979, the Department of Pensions and Security (DPS) filed a petition in Calhoun County Circuit Court seeking permanent custody of appellant’s minor daughter. After an ore tenus hearing, the trial court granted the petition. The mother appeals.
The mother raises three issues on appeal. The first two issues question the constitutionality of the juvenile code on the grounds that the termination of the parent-child relationship is permitted for reasons less compelling than required by the United States Constitution and that the definition of “dependent child” in § 12-15-1(10), Code of Alabama (1975) is so vague as to constitute a denial of due process. As a basis for these contentions the mother relies on the case of Roe v. Conn, 417 F.Supp. 769 (M.D. Ala.1976).
The record discloses that no constitutional issue was presented to the trial court dur *574 ing the hearing. This court has previously said that such issues presented first on appeal come too late. Hanley v. Houston County, Alabama Department of Pensions and Security, 365 So.2d 81 (Ala.Civ.App. 1978); and Smith v. State Department of Pensions and Security, 340 So.2d 34 (Ala. Civ.App.1976). We see no reason to repeat what we have said in those cases.
Appellant’s third issue is whether the trial court should have granted her motion to exclude reports by the DPS from the court file. In Kelley v. State Department of Pensions and Security, 366 So.2d 736 (Ala.Civ. App.1979), we held that § 12-15-65(f), Code of Alabama (1975) specifically provides that the court at such hearings may receive oral and written reports and rely upon them to the extent of their probative value. In Kelley the written reports of a social worker were offered and accepted into evidence. Here the reports were never offered as evidence at the hearing; they were merely placed in the case file. There is indication in the record that the trial court did not consider them evidence in the case. In any event, there appears more than sufficient legal evidence to support the judgment of the court. Scott Paper Co. v. Novay Cherry Barge Service, Inc., 48 Ala.App. 368, 265 So.2d 150 (1972).
The evidence classifies this case as greatly different from the usual “dependency” case in which the State Department of Pensions and Security seeks declaration of dependency and termination of parental rights so that permanent planning may be made for a minor child. The State did not initiate the removal of this child from its mother into foster home care. The mother brought the child to the Department at birth and voluntarily requested foster care. For more than two years the State provided foster care for it while attempting to counsel and aid the mother in preparing for its return to her. On one occasion the child was returned to the mother for a month, but she returned it again for foster care.
The child in this instance is a bi-racial child of black appearance. The mother is white. The father is black. The alleged father denies paternity and has never seen the child. The child, a girl, more than two years of age, has been continually in the home of black foster parents. She does not recognize her mother and has hysterically resisted her attentions on every occasion. The mother clearly has made little effort to prepare for return of her child since its birth and is obviously unable to do so. The best interest of the child requires permanent separation of parent and child so that placement for adoption may be planned before the child grows older.
We affirm the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.