This is a child custody case.
The Jackson County Department of Pensions and Security (D.P.S.) sought custody of Christie, a seven-year-old daughter of Mrs. Lee (The mother). It was averred in the petition that Christie was a dependent child. After an extended ore tenus trial upon the adjudicatory phase of the case, the juvenile court determined Christie to be a dependent child "in that she has no proper parental care, specifically that her custody has been inconsistent to date so as to lead to great instability in her life," and that she is in need of care and supervision. Following another trial as to the dispositional aspect of the litigation, the juvenile court awarded custody of Christie to D.P.S., pending further orders of that court. After motion for a new trial was overruled, the mother appealed.
She argues that the petition of D.P.S. failed to provide notice to her of the actual specific allegations made by D.P.S. against her and that the juvenile court did not make appropriate findings in compliance with Rule 25 of the Alabama Rules of Juvenile Procedure. Neither of those contentions was raised in any manner in the trial court at any time. In dependent child cases, issues come too late for our consideration if they are presented for the first time upon an appeal. Hyde v. State Department of Pensions and Security,382 So.2d 573 (Ala.Civ.App. 1980).
The mother's most capable counsel primarily contends that the evidence was insufficient upon which to support the finding of the child's dependency and the transfer of her legal custody to D.P.S.
We have read the entire record and, in view of the attendant presumptions which follow the trial court's adjudication, we only briefly summarize some of that evidence which tends to support those judgments. *Page 1296 
Much of this summarized evidence was controverted by contrary evidence.
At birth, Christie had a lack-of-immunity health problem and remained hospitalized for the first two months of her life. When she was about ten weeks old, the mother was not able to take care of the baby and permitted Christie to stay with Mr. and Mrs. Sanders, Mrs. Lee's brother and his wife. Thereafter, Christie would be shifted back and forth between those two households, with the overall result being that the Sanderses kept the child for all of her seven years except for about one and one-half to two years. Sometimes Christie would be with the Sanderses for almost a year at a time and, during those extended periods when Christie would become ill, the mother would be notified of her illness by the Sanderses, but they would not have any subsequent inquiries from the mother about the status of Christie's health.
When the child was one year of age, the mother voluntarily gave D.P.S. temporary custody of Christie and two of her other children for about two months because of the abuse of both the mother and the children by the mother's husband, Christie's father. One of the mother's other brothers shot and killed Christie's father, and D.P.S. again received temporary custody of Christie.
The mother allowed various intoxicated men to visit in her home or yard in the child's presence. Frequently, a number of them would remain until 10:00 or 11:00 P.M., and sometimes some of them would remain overnight. Occasionally, the mother took Christie with her on visits with one of her boyfriends at his home and one of those visits lasted for two days. The child has been present during the mother's sexual activities with men. Over a period of time, Christie has been fondled, or otherwise sexually abused, by up to four different adult males.
It was the plan of D.P.S. to place Christie in a foster home, the home of the Sanderses where she had spent most of her life, if D.P.S. received custody.
After an ore tenus trial of a child custody case, the factual findings of the trial court are presumed to be correct and will not be disturbed upon appeal unless the decision is so unsupported by the evidence as to be palpably wrong. Thus, while there is a rebuttable presumption that parental custody is in the best interest of a child, the controlling consideration in a child custody dispute is the best interest of the child after giving due credence to that presumption. Accordingly, if there is clear and convincing evidence supporting the trial court's findings that Christie was a dependent child and that D.P.S. should be awarded her custody, we must affirm those holdings in the absence of palpable error.Fitzgerald v. Jeter, 428 So.2d 84 (Ala.Civ.App. 1983); § 12-15-65 (e), Code 1975.
In this case, the evidence greatly conflicted, and the matters of dependency and custody rested peculiarly within the discretion of the trial court. We have outlined some of the tendencies of the evidence which, if believed by the trial court, supported its judgments. One primary function of a trial court is to determine the credibility and the weight of any and all of the evidence in its effort to attempt to the best of its ability to ascertain the truth of the matter in a non-jury trial. The summarized evidence was competent, material and relevant and was adequately clear, convincing and supportive so as to authorize the action taken by the juvenile court. We find no abuse of discretion and cannot hold that the juvenile court was palpably wrong.
The judgments of the juvenile court as to Christie's dependency and custody are affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur. *Page 1297