EDWARD N. SCRUGGS, Retired Circuit Judge.
A thirteen-year-old girl was adjudged to be dependent, and her temporary custody was granted to the Department of Pensions and Security (DPS). The child’s mother timely appealed.
“After an ore tenus trial of a child custody case, the factual findings of the trial court are presumed to be correct and will not be disturbed on appeal unless the decision was so unsupported by the evidence as to be palpably wrong.” Lee v. Jackson County Department of Pensions & Security, 470 So.2d 1294 (Ala.Civ.App.1985). Moreover, the evidence must be clear and convincing that a child is dependent and that its best interests would be served by its custody being removed from the natural parent. Matter of Peterson, 454 So.2d 992 *1137 (Ala.Civ.App.1984). Here, the ore tenus evidence conflicted and it was the function of the trial court to determine the credibility and the weight of the evidence, with the matters of dependency and temporary custody resting peculiarly within its discretion. Lee, 470 So.2d at 1296.
We have read the entire record and gather therefrom that ore tenus evidence was presented to the trial court of physical and emotional abuse of the child, of her reluctance to return home because of her fear of future abuse, of excessive drinking in the home by the mother’s live-in male paramour, of the failure of the mother to protect the child from the paramour’s abuse, of the mother’s bootlegging until about one year ago, of the apparent intent of the mother and paramour to forever live together without undergoing a marriage, and of the failure of either the mother or paramour, since December 15, 1985, to secure a legitimate source of income other than the paramour’s unemployment compensation, food stamps, and this child’s monthly social security check. That evidence was supportive of the trial court’s judgment. While that evidence, which came largely from the child, was controverted, apparently it was believed by the trial court.
In short, there was clear and convincing evidence to support the trial court’s findings that this thirteen-year-old child was a dependent child and that her temporary care should be granted to DPS.
The trial court encouraged the mother and her attorneys to meet with DPS and to enter into a contract with DPS regarding the home environment, including an absence of alcohol in the home and treatment of the paramour for abuse of alcohol. The case was set for further review in three months.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.