This is a termination of parental rights case.
Following an ore tenus hearing, the Juvenile Court of Talladega County ordered the permanent termination of all parental rights of the mother and father of Jenny Elaine and Scotty McConathy, ages four and two and one-half years respectively. Permanent legal custody of the children was vested in the Alabama Department of Human Resources (Department).
Only the mother appeals, and we affirm.
The dispositive issue on appeal is whether there exists clear and convincing evidence which supports the trial court's decision to terminate the mother's parental rights.
It is well settled that the parents have a prima facie right to custody of a child. However, the overriding consideration is always the best interests of the child. McCullough v. AlabamaDepartment of Pensions Security, 500 So.2d 1093
(Ala.Civ.App. 1986). In determining the child's best interests, the court must consider whether a party to a custody proceeding is physically, financially, and mentally able to care for the child. Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App. 1984). The parental rights of the parents can then be terminated if the court finds from clear and convincing evidence that the parents are unable or unwilling to discharge their responsibilities to and for the child. Ala. Code (1975), §26-18-7(a).
Additionally, we note that the determination made by the trial court following an ore tenus hearing is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. In theMatter of Moore, 470 So.2d 1269 (Ala.Civ.App. 1985).
The record reflects, in pertinent part, that the mother is a single parent and the whereabouts of the father or fathers are unknown. The Department has been involved with the mother since 1982, and the children have been in foster care intermittently for a period of one and one-half years. During this time the mother has made little effort toward self-rehabilitation in order to regain custody of her children. The Department has provided written plans of responsibility so that the mother could achieve mutual goals. However, the requirements of the agreements were never accomplished.
The evidence showed that the mother has a documented history of alcohol abuse and numerous arrests for alcohol-related offenses. The mother has also been arrested for public intoxication when one of her children was with her. At one point the mother was intoxicated and made threats to kill the social worker involved in the case. On another occasion the mother was again intoxicated and took an overdose of pills.
The evidence is clear that the Department has made diligent efforts to rehabilitate the mother. The Department worked with the mother in order to obtain alcoholic counseling, mental health counseling, financial counseling, and homemaker services. A service agreement providing for day care services for the children was also entered into between the Department and the mother. In addition to the above, the Department provided two trial returns of the children to the mother.
The evidence shows, however, that the mother ceased attending her therapy sessions and discontinued the day care services provided. The mother would regress to an alcoholic condition which rendered her unable to provide for her children. The evidence further showed that on each trial return of the children, the mother would become intoxicated and the Department would have to place the children back into foster care.
The testimony of one of the mother's counselors was that she had the best of intentions with regard to abstinence from alcohol, but that it was extremely improbable that the mother would either abstain from or moderate her drinking without counseling. It was the counselor's opinion that due to the duration and extent of the mother's drinking problem, there is no reasonable *Page 271 
expectation in the foreseeable future of sufficient improvement in order for her to be able to care for her minor children.
Under Ala. Code (1975), § 26-18-7(a), there are several factors which the court shall consider, but to which it is not limited, in determining whether or not the parents are unable or unwilling to discharge their responsibilities to and for the child. One of these factors is the excessive use of alcohol of such duration or nature as to render the parent unable to care for the needs of the child. Another factor is that the reasonable efforts by the Department leading toward the rehabilitation of the parent have failed. Here, the evidence is clear that the mother has an alcohol problem which has caused her to be unable to adequately care for her children. Further, the evidence was that all attempts at rehabilitation have been unsuccessful. As noted above, the mother never fulfilled the provisions of the written service plan set up between her and the Department and has not regularly attended the counseling sessions set up to discuss her drinking problem.
The record is also clear that the Department sought less drastic alternatives other than termination of the parent's rights. The mother's sister testified that she was not able to provide total care for the minor children. Both the mother and sister testified that there was no other relative who would or could care for the children.
In view of the above, there was clear and convincing evidence that termination of the mother's parental rights would be in the children's best interests. McCullough, 500 So.2d 1093.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.