BRADLEY, Presiding Judge.
This appeal arises from a dependency hearing in which the court found the minor child dependent, awarded temporary legal custody to the Montgomery County Department of Human Resources (DHR), and awarded physical custody to the child's paternal grandparents.
The child’s mother appeals.
The pertinent facts are these: On February 19, 1987 DHR filed a dependency petition alleging that the minor child’s parents had a history of mental illness and that, as a result, four of the minor child’s older siblings had been placed elsewhere by DHR. The petition was prompted by the child’s maternal grandmother, who stated that the child was not being cared for properly.
Prior to the dependency hearing, a pread-judication removal order was entered, and DHR took custody of the child. Three petitions for custody of the child were subsequently filed. The minor child’s maternal uncle filed the first petition, followed by a second petition from the child’s paternal grandparents. The third petition was filed by DHR.
After an ore tenus hearing, the court decreed, among other things: (1) that the minor child was dependent; (2) that DHR should be awarded temporary legal custody; (3) that. the paternal grandparents should be awarded physical custody; and (4) that the cause should be reviewed by the court in four to six months.
The sole issue on appeal is whether the trial court’s decision is so unsupported by the evidence as to be plainly and palpably wrong. We have reviewed the evidence and find that it is not.
When evidence is presented ore tenus, a presumption of correctness attaches to the trial court’s findings of fact. Swain v. Alabama Department of Pensions & Security, 495 So.2d 1136 (Ala.Civ.App.1986). The trial court’s decision will be affirmed absent a finding that it is so unsupported by the evidence as to be plainly or palpably wrong. Swain, supra. Additionally, the child’s dependency must be established by clear and convincing evidence. Swain, supra.
Although we will not recite all the record evidence supporting the trial court’s order, *699 we note the following. All of the other children born to the mother and father have been removed from their parents and placed with other relatives. The parents have never maintained, for any extended period of time, a stable home. Both the mother and father have a history of mental instability.
The best interest of the child is always the paramount consideration in child custody cases. Johnson v. Sparks, 437 So.2d 1308 (Ala.Civ.App.1983). Factors that aid the court in its determination concerning the child’s best interest include the stability of the parties and the home environment, as well as the parties’ success in raising other children. Johnson, supra.
The record contains clear and convincing evidence amply supporting the court’s finding that the child is dependent and that the mother should be temporarily deprived of her child’s custody, as the mother has a history of mental instability as well as a demonstrated inability to raise her other children. As the custody award is not so contrary to the evidence that it is plainly and palpably wrong, we affirm the trial court’s judgment. Johnson, supra.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.