HOLMES, Judge.
This is a termination of parental rights case.
Following an ore tenus hearing, the trial court ordered the permanent termination of all parental rights of the mother and father of Bonnie Jane Fitzgerald, approximately one year old. Permanent legal custody of the child was vested with the paternal grandparents.
Only the mother appeals, and we affirm.
The dispositive issue on appeal is whether there exists clear and convincing evidence which supports the trial court’s decision to terminate the mother’s parental rights.
It is well settled that the parents have a prima facie right to custody of a child. However, the overriding consideration is always the best interests of a child. McCullough v. Alabama Department of Pensions & Security, 500 So.2d 1093 (Ala.Civ.App.1986). In determining the child’s best interests, the court must consider whether a party to a custody proceeding is physically, financially, and mentally able to care for the child. Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App.1984). The parental rights of the parents can then be terminated if the court finds from clear and convincing evidence that the parents are unable or unwilling to discharge their responsibilities to and for the child. Ala. Code (1975), § 26-18-7(a) (1986 Repl.Vol.).
Additionally, we note that the determination made by the trial court following an ore tenus hearing is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. McConathy v. State Department of Human Resources, 510 So.2d 269 (Ala.Civ.App.1987).
Applying the above standards to the case now before us, we cannot say that the trial court’s judgment is plainly and palpably wrong. There is clear and convincing evidence that supports the trial court’s decision to terminate the parents’ parental rights.
In the instant case such clear and convincing evidence consists primarily of testimony showing a history of the parents’ mental illness and their past and present inability to adequately care for the child.
The record reveals, in pertinent part, that the mother’s parental rights in her four older daughters have previously been terminated and that the minor child here has already been declared dependent in a prior proceeding and placed in the temporary legal custody of her paternal grandparents. See Fitzgerald v. State Department of Human Resources, 516 So.2d 698 (Ala.Civ.App.1987). In Fitzgerald this court found that the parents should be temporarily deprived of their child’s custody due to a history of mental instability, as well as documented inability to adequately care for their other children.
Subsequent to the prior determination of dependency, the record here reveals that the mother is still not capable of discharging her duties as a parent to the child. A current psychological evaluation of the mother by Dr. Rogers, Ph.D., showed a probable diagnosis of “Borderline Personality Disorder” or “Schizotypal Personality Disorder.” The evaluation further stated that the mother’s “grasp on reality is even less firm [now] than it has been in the past.” Dr. Rogers concluded that the mother did not have any of the qualities that would enable her to provide reasonable care for a child of any age. Further, the doctor found that the mother had extremely odd, if not paranoid, ways of thinking and recommended that placement of a child with her would be a disservice to the child due to the mother’s lack of judgment and insight. In fact, the doctor opined that *283 placement of the child with the mother would risk the child’s very life.
It is well settled that the trial court may consider evidence of the past history, as well as evidence of the present circumstances of a family. Fitzgerald v. Fitzgerald, 490 So.2d 4 (Ala.Civ.App.1986). Therefore, in view of the fact that the mother’s parental rights have already been terminated in her four older children, as well as the evidence of her past and present mental problems, there is clear and convincing evidence to support the trial court’s decision to terminate parental rights.
The record is also clear that less drastic alternatives were sought. The child was placed with the paternal grandparents in an effort to give the parents time to regain custody. However, the record is clear that, although the mother did attempt to comply with the plans and programs set up by the Department of Human Resources, she is not able to adequately care for the child. We would note that the child has been placed in the custody of her paternal grandparents where one of the child’s older sisters has already been placed.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.