L. CHARLES WRIGHT, Retired Appellate Judge.
The Madison County Department of Human Resources (DHR) filed a petition to terminate the parental rights of Betty Jane Johnson Clark to her son, Christopher. After an ore tenus proceeding, the trial court terminated all legal rights of the mother to her child. The mother appeals.
*798 In order to terminate parental rights, the court must make two findings. First, the court must determine that the child is dependent based on clear and convincing evidence. Second, the court must find that there exists no viable alternative to termination of the custodial rights. Wallace v. Jefferson County Dept. of Pensions & Security, 501 So.2d 473 (Ala.Civ.App.1986). The trial court is presented the evidence ore tenus. Therefore, its decision is presumed to be correct and will be set aside only if the record reveals the decision to be plainly and palpably wrong. Wix v. Department of Pensions & Security, 464 So.2d 118 (Ala.Civ.App.1985).
The mother concedes that the child is dependent. She contends, however, that the trial court erred in failing to exhaust all viable alternatives to termination of her rights. The alternative she suggests is that custody as foster parents could have been granted to the child’s great-grandparents, Madeline and John Hill.
In termination proceedings the best interests of the child are controlling. Matter of Burnett, 469 So.2d 627 (Ala.Civ.App.1985). When denying alternative custody to a relative of the parent in termination cases, factors which may be considered by the trial court are age, health, financial condition, and the child’s retention in the same environment. Matter of Burnett, supra; Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985).
The record reveals that presently Mrs. Hill is sixty-five years old, Mr. Hill is seventy-one years old, and Christopher is four years old. Mrs. Hill has atherosclerotic cardiovascular disease which is controlled by medication, diabetes which is controlled by diet, significant degenerative osteoarthritis, and severe tremors of the upper extremities, which she attributes to nerves. Additionally, in 1987 Mrs. Hill was hospitalized for bleeding ulcers.
Mr. Hill suffered a massive stroke in 1985. His doctor has indicated that he has become self-reliant due in part to the tireless effort of Mrs. Hill. In 1986 Mr. Hill was again hospitalized for heart and blood pressure problems.
Several family members move in and out of the Hills’ home quite frequently, including the child’s grandmother, who is mentally ill and often becomes very aggressive and dangerous. She has been hospitalized on numerous occasions. Once she is released from hospitalization she invariably returns to the Hills’ home. The Hills also have two other daughters with mental problems who have been allowed to live with them. The child’s mother, prior to the hearing, was hospitalized for a nervous breakdown. She has also lived with the Hills on a number of occasions. Under these circumstances, placing the minor with the great-grandparents would, in effect, be the same as leaving the minor in the same environment — an environment which indisputably has been detrimental to the minor’s well-being.
Additionally, the record discloses that the Hills live on a fixed income and rely on other people for transportation because they do not drive.
The child is at present four years old and has been in foster care for almost three years. He is well adjusted and, because of his age, is an excellent candidate for adoption proceedings.
After a careful review of the record we find that clear and convincing evidence was presented to support the trial court’s conclusion that no viable or reasonable alternative to termination, which would serve the best interests of the child, was available. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.