This is an appeal from an order terminating parental rights.
On June 16, 1988, the Department of Human Resources (DHR) filed a petition in juvenile court, alleging the dependency of N.H., a minor child, and requesting the termination of the parental rights of Laura Hayes, the child's mother, and James DeMoss, the child's natural father. At the time of the petition the child was in foster care. *Page 1036 
Following a hearing in which extensive evidence was presented ore tenus, the trial court terminated the parental rights of Laura Hayes and James DeMoss in and to N.H.
Specifically, the court determined (1) the parents had not provided for N.H.'s material needs nor paid any support for her in spite of an ability to do so at times; (2) the parents had failed to maintain contact with N.H. and further failed to adhere to a DHR plan establishing regular visits; (3) the parents appeared both mentally and emotionally deficient to raise a child; (4) DHR made reasonable rehabilitative efforts with the parents, and the efforts failed; (5) it was in the child's best interests to terminate.
The dispositive issue on appeal is whether there was clear and convincing evidence before the trial court to support its order terminating parental rights.
In situations where the state is a party and is seeking to terminate parental rights, there must be a determination from clear and convincing evidence that the child is dependent.Ex parte Beasley, [1990] 564 So.2d 950 (Ala. 1990). Secondly, the court must consider and reject all other alternatives to termination such that the court can conclude that termination is in the child's best interests. Beasley.
As reflected by the court's order, it found from the evidence that there was clear and convincing evidence to terminate and that such was in the child's best interests. When evidence is presented ore tenus, a presumption of correctness attaches to the trial court's judgment, and unless it is so unsupported by the evidence that it is plainly and palpably wrong, this court will affirm.Columbus v. Department of Human Resources, 523 So.2d 419
(Ala.Civ.App. 1987).
Although we will not detail every piece of supporting evidence, some of the pertinent facts are as follows.
The child was placed in foster care in 1985, when she was nine months old, and has remained in the same foster home since that time. All of the visits the mother made, twenty-eight in number, occurred prior to January 1988. Although there was a conflict in testimony over why the visits terminated, the court was free to resolve that factual dispute. Matter of Hutchins, 474 So.2d 1152
(Ala.Civ.App. 1985). At the time of the trial, the father had not seen the child in two years. Further, he had only made two support payments during her entire lifetime. This evidence would indicate that the parents failed to maintain consistent contact and regular visits with the child, and failed to provide for her support. § 26-18-7(b), (1), (2), and (3), Code 1975. Further, the mother has had five other children who were removed from her care and placed in a foster home, where they still remain. Also, the father, who has a daughter by a prior marriage, never visits that child. A party's success in raising other children is also a factor for the trial court's consideration. Fitzgerald v. State Department of HumanResources, 516 So.2d 698 (Ala.Civ.App. 1987).
Additionally, testimony was presented which indicated that the parents failed to understand relatively simple matters that were told them by DHR and the Chilton County Department of Housing. From these incidents, the court could conclude that the parents lacked the mental capabilities necessary to raise N.H. § 26-18-7(a)(2), Code 1975.
Finally, testimony from DHR was that in its efforts to return N.H. to her parents, DHR made mental health referrals and provided the necessary transportation; it planned visits and, once again, the transportation. DHR gave them food stamps and also provided parenting classes.
However, in view of a determination that overnight visits with the parents were adversely affecting the child's emotional health, the length of time the child had been in foster care, the parties' history with DHR, and the fact that at the time of the petition the father was incarcerated, DHR sought termination.
Testimony was also offered that other alternatives had been investigated for *Page 1037 
N.H., but that no other alternatives existed.
Having reviewed the record, we find that the trial court's judgment is amply supported by the evidence and is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.