This is a termination of parental rights case.
On May 24, 1989, the Department of Human Resources (DHR) of Tuscaloosa, Alabama filed a petition alleging the dependence of A.C.H. (child) and seeking to terminate the parental rights of C.D.H. (mother). The mother was then an inmate in Julia Tutwiler Prison, serving her third sentence in five years. The petition alleged that the mother had a history of drug abuse and multi-state arrests, and was unable to discharge her responsibilities to the child. The petition also sought to terminate the parental rights of W.C. (father), whose whereabouts were unknown.
After an ore tenus proceeding on December 8, 1989, the trial court entered a final judgment terminating the parental rights of the mother and father. The court granted DHR permanent custody of the child so that he could be placed for adoption. The mother appeals.
When evidence is presented ore tenus at a proceeding to terminate parental rights, the trial court's resulting judgment will be afforded every favorable presumption and will be left undisturbed on appeal, absent palpable error. Hudgins v. State,418 So.2d 913 (Ala.Civ.App. 1982).
The sole issue on appeal is whether clear and convincing evidence exists to support the trial court's decision to terminate the mother's parental rights.
Although a parent has a prima facie right to the custody of his or her child, that presumption can be overcome by clear and convincing evidence that termination of parental rights is in the child's best interests. Muffoletto v. State Dept. of HumanResources; 537 So.2d 939 (Ala.Civ.App. 1988). With this in mind, the trial court must, when the State is a party, apply a two-pronged test when it considers whether to terminate an individual's parental rights. Ex parte Beasley, 564 So.2d 950
(Ala. 1990). First, the court must establish that the child is dependent based upon clear and convincing legal evidence.Beasley; § 12-15-65(e), Code 1975. Second, upon a finding of dependency, the court must then consider and reject all other viable alternatives to termination so that the court can conclude that termination is in the child's best interests.Beasley; see also Muffoletto; Wilson v. State Dept. of HumanResources, 527 So.2d 1322 (Ala.Civ.App. 1988).
DHR first obtained legal custody of the child in October 1986, after the mother was arrested and incarcerated for a second time. At the time of the hearing, the child had been in the legal custody of DHR for three years. The mother, as the evidence reveals, was in prison for most of that time. At no time during these years did the mother regain even physical custody of the child. This evidence supports the trial court's finding of dependency.
The evidence also supports the trial court's finding that there was no viable alternative to termination of the mother's parental rights. It appears from the record that reasonable efforts were made to rehabilitate the mother and that these efforts failed. The mother was released from prison in June 1988 and, at that time, DHR advised her that she was expected to stay out of jail, remain drug free, continue contact with DHR, and maintain employment in order to regain custody of the child. *Page 1239 
The record reveals that the mother complied with these expectations for a time, but did not keep contact with DHR after October 1988. The mother did not keep the two appointments set up by DHR for her to visit with the child. After the missed visits, the mother was informed by DHR that a petition for termination would be filed. Shortly thereafter the mother resumed drug use, wrote a bad check, and was again incarcerated. At trial the mother testified that she was undergoing a drug therapy program provided for her in prison and was determined to overcome her problems. The court found that the child's best interests would not be served by delaying his chances for adoption to await the mother's attempted rehabilitation where her other attempts had failed. The evidence supports this finding.
The trial court also considered the possibility of placing the child with family members as an alternative to termination of parental rights. Prior to DHR's taking custody of the child in 1986, the child lived with the mother's cousin and his wife. The couple had custody of the child in 1985, when the mother was serving her first prison sentence. When the mother was released from prison in 1986, the cousin returned the child to her. The cousin told the mother he would not be responsible for the child again and ordered them both out of his house.
The cousin's wife testified at trial that she would be willing to take custody of the child. However, the testimony revealed that the cousin and his wife had divorced and that the wife was working to support the couple's three children. The cousin's wife had not contacted the child at any time since 1986. The trial court found that placing the child with a woman who had no legal relationship to the mother and who already had substantial burdens on her resources would not be a viable alternative. No error here.
The record reveals that the trial court had before it clear and convincing evidence that the child was dependent and that there was no viable alternative to termination of the mother's parental rights. Accordingly, the court's judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.