This is a petition to terminate the parental rights involving five children.
In January of 1991, after almost nine years of continued supervision, numerous protective custody orders, and periodic reviews, the Department of Human Resources (Department) filed a petition to terminate the parental rights of the mother and putative fathers.
The testimony revealed a history of departmental contact with this family dating back to May of 1982. Over the next eight and one-half years, the Department documented numerous episodes of neglect as to the children and inappropriate conduct on the part of the mother. The mother began having children as a minor and continued until a total of five children were born to her by various fathers. Additionally, the record reveals that the mother was pregnant with yet another child at the time of the hearing below. The mother has been convicted of fraudulent use of a stolen checkbook. Additionally, she left the children unattended or without adequate supervision, and failed to obtain adequate medical care for the children. Without this court detailing the sordid facts, the record indicated that she maintained a home without sufficient food or proper hygiene for the children.
In April of 1988, pursuant to an examination, the eldest child, a six-year-old daughter, was diagnosed as having a sexually-transmitted disease, to wit, chlamydia. After learning that the daughter alleged that the mother's boyfriend "did something nasty", the mother contended the child was lying.
The Department has sought alternative family placement with the maternal grandmother on several occasions; however, she *Page 874 
has likewise returned some or all of the children on various occasions for reasons including inadequate resources, drunkenness of the mother, and illness of the children.
In response to the Department's Petition to Terminate Parental Rights, the grandmother filed her petition seeking temporary legal custody.
After the hearing, the court issued an order terminating all legal rights of the parents and granting permanent legal custody to the State of Alabama. The court also denied the grandmother's petition for temporary legal custody. The mother appeals.
The question before this court is whether the trial court's termination of parental rights was supported by clear and convincing evidence.
The relevant statute in determining whether there were sufficient grounds for the court's termination of parental rights is Ala. Code 1975, § 26-18-7(a), which states in part:
 "If the court finds from clear and convincing evidence, competent, material and relevant in nature, that the parents of a child are unable or unwilling to discharge their responsibilities to and for the child, or that the conduct or condition of the parents is such as to render them unable to properly care for the child and that such conduct or condition is unlikely to change in the foreseeable future, it may terminate the parental rights of the parents."
From a thorough reading of the record, we find clear and convincing evidence to support the trial court's finding that the mother is unable or unwilling to discharge her duties as a parent. The testimony indicates not only neglect of the children on numerous occasions, but also a failure to maintain her household, provide proper food for the children, provide proper medical attention to the children, or to maintain the personal hygiene of the children.
The Department's attempts to counsel and rehabilitate the mother in order to return her children to her home have failed. See Ala. Code 1975, § 26-18-7(a)(6). This is essentially due to a lack of effort on the part of the mother. See Ala. Code 1975, § 26-18-7(a)(6). She has consistently failed to attend counseling sessions and parenting classes, canceled scheduled visits with her children, and has not maintained employment for any length of time. She does not maintain contact with the Department and her children. Given the mother's past history, there is nothing to indicate that she intends to adjust her circumstances to meet the needs of her children. We therefore find that the trial court had clear and convincing evidence to support its decision that the mother was unable to properly care for the children and that the children were therefore dependent as defined in Ala. Code 1975, § 12-15-1(10).
When the state seeks to terminate parental rights as in the instant case, the trial court must find the children to be dependent. Ex parte Beasley, 564 So.2d 950 (Ala. 1990). It must also make a determination that "all viable alternatives to termination have been considered." Id. The Department has searched for viable alternatives. The Department attempted to place the children with the grandmother, but because of her other hardships and responsibilities, the Department determined this was not a viable alternative. Each time she was given physical custody of the children, she voluntarily returned them to the Department, stating that she was unable to care for them. On one occasion, when the Department retrieved two of the children from the grandmother's home, they appeared malnourished and their immunizations were not current. In addition, while the children were in the custody of the grandmother, there were problems with absenteeism from school. There was, therefore, clear and convincing evidence that the grandmother was not a suitable resource for placement of the children.
The Department searched for other viable alternatives, such as placing the children with the parents of the putative fathers, but they found no suitable relative *Page 875 
resource. Clear and convincing evidence reveals that all viable alternatives to termination were considered. Accordingly, the trial court did not err in terminating parental rights, and its judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.