This is a termination of parental rights case.
In July 1992, the Department of Human Resources (DHR) filed petitions to terminate the parental rights of B.R.M. (mother) and D.W. (father) as to their two minor children. Following an ore tenus proceeding in October 1992, the trial court terminated the parental rights and placed permanent legal custody of the children in DHR. The mother's post-judgment motion was denied, and she appeals. The father did not appeal.
The mother contends on appeal that the trial court's judgment is contrary to the law and against the weight of the evidence. The dispositive issue is whether the trial court's termination of parental rights was supported by clear and convincing evidence. Ala. Code 1975, § 26-18-7.
The law is well settled that a parent has a prima facie right to custody of his or her own child. D.J. v. State Dep't ofHuman Resources, 578 So.2d 1351 (Ala.Civ.App. 1991). In child custody cases, the overriding consideration is always the best interests of the child. State Dep't of Human Resources v. L.W.,597 So.2d 703 (Ala.Civ.App. 1992). In determining the child's best interests, the court must consider whether the parent is physically, financially, and mentally able to care for the child. Mitchell v. State of Alabama Dep't of Human Resources,513 So.2d 647 (Ala.Civ.App. 1987). Further, the trial court's judgment following ore tenus proceedings will be given every favorable presumption and will be left undisturbed on appeal, absent palpable error. C.D.H. v. State Dep't of HumanResources, 568 So.2d 1237 (Ala.Civ.App. 1990).
Parental rights may be terminated when a trial court finds from "clear and convincing evidence, competent, material and relevant in nature, that the parents of a child are unable or unwilling to discharge their responsibilities to and for the child." Ala. Code 1975, § 26-18-7(a); L.W. v. State Dep't ofHuman Resources, 591 So.2d 872 (Ala.Civ.App. 1991). Additionally, when the State is a party, the trial court must apply a two-pronged test in determining whether to terminate *Page 648 
parental rights. The trial court must find that the child is dependent, and, upon a finding of dependency, the trial court must determine that there are no other viable alternatives to termination of parental rights. Ex parte Beasley, 564 So.2d 950
(Ala. 1990).
The record discloses that in 1989 the maternal grandmother contacted DHR, requesting assistance with her grandchild because the mother had been arrested. The child was placed with another relative while the mother attended a drug and alcohol treatment program, which she did not complete. She then moved to Birmingham, where she changed jobs several times. The DHR case-worker testified that the mother did not send child support, clothing, or birthday cards, and that the mother would often cancel scheduled visitation without notice or explanation. In August 1990, the mother gave birth to a second child. She entered into a foster care agreement with DHR for that infant.
The record reveals that the mother has criminal arrests and convictions in Alabama and in Georgia, that she has been incarcerated, and that at the time of the hearing, she was on probation in Georgia. The mother testified that she had a history of drug use; however, she also stated that she was not currently using drugs. She stated that she was living with her fiance and working in Berry, Alabama.
We find no error in the trial court's finding that the children are dependent. Further, the evidence also supports the trial court's finding that there was no viable alternative to the termination of parental rights. The record reveals that DHR attempted to reunite the mother with her children without success. Additionally, there is evidence that DHR attempted to place the children with relatives, but found none who were willing to assume responsibility. Both children have been in foster care virtually since birth, with little contact or interaction with their mother. The trial court stated, "Measures less drastic than termination of parental rights clearly would not serve the best interests of the children," and our review of the record discloses no error in that determination.
The mother also argues that the judgment of the trial court was contrary to the evidence; however, she fails to adequately cite authority to support her argument. Rule 28(a)(5), A.R.App.P., requires an appellant to present proper citations to supportive authorities. Harris v. Harris, 528 So.2d 866
(Ala.Civ.App. 1988). In light of our policy to address the merits of a case wherever possible, we will address the mother's argument. Bishop v. Robinson, 516 So.2d 723
(Ala.Civ.App. 1987).
Although the mother lists six separate arguments under this issue, the gist of her argument is that she contends the trial court ignored her testimony that she is attempting to get her life in order and that the trial court erred in finding that DHR had made a reasonable effort to reunite her with her children.
The record reflects that when the mother placed her children in foster care, she and a DHR caseworker established a case plan by which the mother would work toward regaining custody. This agreement included securing adequate housing, obtaining employment, and utilizing supportive services. The record discloses that the mother entered several drug rehabilitation programs but never completed one, that she never attended counseling sessions, and that she failed to utilize the rehabilitative services DHR made available to her. The evidence supports the trial court's findings that DHR's efforts to reunite the mother with her children were unsuccessful and that attempts to utilize relative resources were also unsuccessful. Our thorough and careful review of the record discloses no error by the trial court in its determination to terminate the parental rights of the mother.
Accordingly, the trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., concurs.
YATES, J., recuses. *Page 649