CRAWLEY, Judge.
This is a termination of parental rights case.
In January 1994, the Clay County Department of Human Resources (the Department) filed a petition to terminate the parental rights of W.W. (the mother) and J.W.W. (the father), the natural parents of K.R.W. (the child), born in July 1992. Two couples, Melvin and Annie Williams, and James and Cynthia Sudduth, each petitioned the probate court to adopt the child. The father executed a consent to the Williams’s adoption petition, and the mother executed a consent to the Sudduths’ adoption petition. The adoption petitions were removed to the juvenile court and were consolidated with the Department’s petition. The juvenile court denied the mother’s motion to dismiss the Department’s petition, and, following ore tenus proceedings, terminated each parent’s parental rights. The mother appeals.
She raises three issues on appeal: (1) whether the juvenile court erred in denying her motion to dismiss the Department’s petition to terminate her parental rights; (2) whether the juvenile court erred in finding that the child was a dependent child; and (3) whether the juvenile court failed to consider viable alternatives to the termination of her parental rights.
The mother first argues that the juvenile court erred in not dismissing the Department’s petition to terminate her parental rights and, thereby, not allowing the Sudduths’ adoption petition to proceed. Decisions regarding the proceedings of a trial are within the discretion of the trial court. Reach v. Reach, 378 So.2d 1115, 1117 (Ala. Civ.App.1979), cert. den., 378 So.2d 1118 (Ala.1980). Especially considering that the issue of whether to terminate the mother’s parental rights was dispositive as to her rights regarding the adoption petitions, we conclude that the juvenile court did not abuse its discretion in first proceeding with the petition to terminate her parental rights.
The mother next argues that the trial court erred in finding that the child was dependent and that no viable alternatives *872 existed other than termination of her parental rights.
The termination of parental rights is a drastic measure, and the courts gravely consider such action. Ex parte Beasley, 564 So.2d 950, 952 (Ala.1990). A natural parent’s prima facie right to the custody of his or her child is outweighed only by clear and convincing evidence that termination of parental rights is in the best interests of the child. L.N. v. State Department of Human Resources, 619 So.2d 928, 929 (Ala.Civ.App.1993). The juvenile court considers the parent’s physical, financial, and mental abilities to care for the child, to determine the child’s best interests. J.L.B. v. State Department of Human Resources, 608 So.2d 1367, 1368 (Ala.Civ.App.1992).
The grounds upon which a court may terminate parental rights pursuant to Ala. Code 1975, § 26-18-7(a), are:
“[T]he parents of [the] child are unable or unwilling to discharge their responsibilities to and for the child, or ... the conduct or condition of the parents is such as to render them unable to properly care for the child and ... such conduct or condition is unlikely to change in the foreseeable future....”
In determining whether one of these grounds has been established, the juvenile court may consider several factors, including whether reasonable efforts by the Department toward rehabilitating the parent have failed and whether the parent has abandoned the child. Ala.Code 1975, § 26-18-7(a)(6) and (1). A parent is deemed to have abandoned a child if she has voluntarily and intentionally relinquished the custody of her child; if she has withheld her presence, love, and care from the child without good cause or excuse; or if she has failed to claim her rights or to perform her duties as a parent. Ala.Code 1975, § 26-18-3(1).
Before the child was born, the Department had successfully petitioned to have the child removed from the mother upon its birth, because of the mother’s mental problems and alcoholism. Although the mother was married to the father at the time of the proceedings now. being reviewed, she was living with another man even before the birth of the child. From its birth, the child was in the custody of foster parents for a short period, but it was returned to the mother after she had undergone therapy and had improved her living conditions. A few months later, the Department again removed the child from the mother’s care and returned him to the foster parents.
During the months the child was in the mother’s custody, she had three residences, and she stopped cohabitating for only one month. The mother also left the child in the care of the former foster parents for several weekends, and once during that period she reported an incident involving her companion’s drinking and his abuse towards her. After the second removal of the child, the Department could not locate the mother for several weeks. When the Department finally located the mother, her only concern was whether she was entitled to any of the child’s Social Security benefits, and she did not provide her new address.
The juvenile court may consider, in cases where the child is not in the parent’s custody, whether the parent maintained contact with the child and whether the parent made efforts to improve her circumstances to satisfy the child’s needs. Ala.Code 1975, § 26-18-7(b)(3) and (4). The foster father testified that he knew of one time that the mother had visited the child after the second removal. The mother testified that she still suffers from depression, but she has not requested another therapist from the Department. She also has still not obtained employment, and she has been denied Social Security benefits three times. All of the mother’s three older children had been removed from her custody. In determining whether to terminate parental rights, the juvenile court can consider the fact that the parent has lost custody of her other children. Ex parte State Department of Human Resources, 624 So.2d 589, 593 (Ala.1993).
The juvenile court is required to apply a two-pronged test in determining whether to terminate parental rights: (1) clear and convincing evidence must support a finding that the child is dependent; and (2) *873 the court must properly consider and reject all viable alternatives to a termination of parental rights. Beasley, at 954. This court will affirm the juvenile court’s judgment unless it determines that the juvenile court’s findings are so unsupported by the evidence as to be plainly and palpably wrong. Lee v. Jackson County Department of Pensions & Security, 470 So.2d 1294, 1296 (Aa.Civ.App.1985).
A dependent child is defined to include a child “[w]hose parents ... are unable to discharge their responsibilities to and for the child,” as well as a child “who is without proper parental care and control necessary for the child’s well-being because of the faults or habits of the child’s parents ... or their neglect or refusal, when able to do so, to provide them,” and a child “[w]ho has been abandoned by the child’s parents, guardian, or other custodian.” Aa.Code 1975, § 12-15-l(10)k., (10)j., and (10)i. The evidence of the mother’s inability to care and support the child and her abandonment of him clearly supports a finding that the child is a dependent child.
With regard to the mother’s assertion that the juvenile court failed to consider whether there were viable alternatives to the termination of her rights, we note that the juvenile court made a specific finding of fact that “there is no blood relative of said child ready, willing, and able to assume responsibility for said child.” That finding is supported by the record.
The mother appears to be arguing that the juvenile court failed to consider the Sudduths’ petition to adopt the child as a viable alternative to the termination of her parental rights. Adoption, however, is usually viewed as the desired goal of a termination of parental rights rather than a viable alternative to termination. See C.D.H. v. State Department of Human Resources, 568 So.2d 1237, 1239 (Aa.Civ.App.1990); Clark v. State Department of Human Resources, 545 So.2d 797, 798 (Aa.Civ.App.1989). The evidence supports the trial court’s finding that no viable alternatives existed to a termination of the mother’s parental rights. Therefore, the judgment of the juvenile court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES and MONROE, JJ., concur.