THIGPEN, Judge.
In April 1994, the Mobile County Department of Human Resources (DHR) filed a petition seeking to terminate the parental rights of J.W., the mother of D.R. DHR alleged, among other things, that D.R. was dependent, that she did not have proper parental care or guardianship, and that it would be in her best interest to be in the permanent custody of DHR.
The record reveals that in March 1992, temporary legal custody of the minor was placed with DHR, while J.W. and a stepfather had physical custody. Subsequently, D.R. was placed in foster care, and the parents were ordered to participate in marriage counseling, find employment, and establish a suitable home for the minor. After numerous unsuccessful attempts to reunite the family, DHR petitioned to terminate the parental rights of the child’s natural parents. After ore tenus proceedings, the trial court terminated the parental rights of J.W. in July 1995; she appealed, requesting the appointment of appellate counsel.
The only issue on appeal is whether the trial court abused its discretion in terminating J.W.’s parental rights.
The requirements for terminating one’s parental rights based upon clear and convincing evidence are found in Ala.Code 1975, § 26-18-7. The judgment of the trial court following an ore tenus proceeding is presumed to be correct and will not be disturbed on appeal unless it is unsupported by the evidence and is, therefore, plainly and palpably wrong. B.R.M. v. State Dep’t of Human Resources, 626 So.2d 646 (Ala.Civ.App.1993); and Fitzgerald v. Fitzgerald, 539 So.2d 281 (Ala.Civ.App.1988).
When the State or other nonparent seeks to terminate one’s parental rights, the trial court must first determine from clear and convincing evidence that the child is dependent. Ex parte Beasley, 564 So.2d 950 (Ala.1990). The trial court must also determine that no “viable alternatives to a termination” exist. Beasley, 564 So.2d at 954. It is well established that a parent has a prima facie right to have custody of his or her child. D.J. v. State Dep’t of Human Resources, 578 So.2d 1351 (Ala.Civ.App.1991).
Paramount in determining whether to terminate parental rights is a consideration of whether termination would be in the minor child’s best interest. Beasley, 564 So.2d 950. In determining a child’s best interest, the trial court must consider the physical, financial, and mental ability of the parent to care for the child. J.L.B. v. State Dep’t of Human Resources, 608 So.2d 1367 (Ala.Civ.App.1992); Fitzgerald, 539 So.2d 281.
In its lengthy and detailed order, the trial court made the following pertinent findings:
“2. [J.WJ’s conduct and condition are such that she is unable to properly care for the child, in that she has no homeplace suitable for the child, has not had a stable homeplace for the child for more than two (2) years and has not adequately provided for the material and emotional needs of the child. The Court finds that more than physical stability is necessary to provide for a child, and that [J.W.], in large part because of her ongoing problems with her husband, has not and cannot provide emotional security and support for the child.
“3. That the Department of Human Resources has made reasonable efforts toward [J.W.]’s rehabilitation, including providing for daycare, taking the child into foster care so that [the parents] could have time to work out their problems, and trying to help [them] secure appropriate housing.... The efforts of the Department have failed to rehabilitate [J.W.].
[[Image here]]
“7. [J.W.] has failed to adjust her circumstances to meet the needs of the child in accordance with agreements with the Department in administrative and judicial review. Specifically, [J.W.] has failed to resolve her problems with her husband such that the child would have an emotionally stable home, has failed to locate and maintain a stable and secure physical home for the child, has not obtained a medical examination to determine if medical treat *784 ment would help stabilize her situation, and has failed to obtain counseling to the degree necessary to allow her to provide a suitable home for the child.
“8. That the Department has made all reasonable efforts to accomplish the return of said child to the home by offering to the family services which are realistically available and by exploring potential relative resources. That due to the natural mother’s apparent unconcern for the minor child as well as the alleged natural and/or biological father’s identity and whereabouts being unknown said child is dependent as defined by [§ 12-15-1(10), Ala. Code 1975.].
[[Image here]]
“11. The evidence was clear and convincing that the said child is a dependent child as defined in the Code of Alabama 1975, § 12-15-1 etseq....
“12. The alleged natural and/or biological father has abandoned said child, as defined in the ‘1984 Child Protection Act,’ Alabama Act 84-261....
[[Image here]]
“14. The Court finds ... that all reasonable efforts have been made to reunite the child with her natural mother and alleged natural and/or biological father and it is in the best interest of said child that the parental rights of her natural mother and alleged natural and/or biological father be terminated and it would be contrary to the welfare of said child and not in [her] best interest for her to be returned to her natural mother or alleged natural and/or biological father.
“15. That there exists no viable alternative [other] than the termination of custodial rights of her natural mother and alleged natural and/or [biological] father.
[[Image here]]
“The court finds from clear and convincing evidence competent, material and relevant in nature, that said child is dependent and in need of the care and supervision of the Department of Human Resources.”
Detailing further the facts of this case would serve no purpose. Our review of the record discloses clear and convincing evidence supporting the judgment of the trial court, and J.W.’s court-appointed appellate counsel concedes such in brief.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE, J., concur.